C. Z. OSBORNE AND THE STATE OF FLORIDA, *Appellants*, v. M. V. SIMPSON, CHAIRMAN ; W. H. RICHEY, C. B. TREAD-WAY, MANUEL SLOAN AND W. L. YANCEY, COMMISSIONERS OF LAKE COUNTY, FLORIDA, FOR AND ON BEHALF OF SPECIAL ROAD AND BRIDGE DISTRICT NUMBER FOURTEEN OF LAKE COUNTY, FLORIDA, *Appellees*.

Division B.

Opinion Filed October 27, 1927.

J. W. *Hunter*, and *Gaines* and *Futch*, Attorneys for Appellants;

*Geo. F. Westbrook*, Attorney for Appellees.

BUFORD, J.—This is an appeal from a final decree of the Circuit Court of the Sixteenth Judicial Circuit for Lake County, Florida, validating and confirming the issue of bonds in the sum of Six Hundred Thousand ($600,000.00) Dollars issued for and on behalf of Special Road and Bridge District Number Fourteen of that county. There is one assignment of error:

"The court erred in and by its final order and decree

made and entered in said cause on the 6th day of September, A. D. 1927, validating the bonds in said order and decree, and in the petitioners' petition mentioned.''

The record discloses that the Board of County Commissioners is seeking to issue and sell bonds in pursuance to and under authority of an Act of the Legislature of 1927 known as House Bill No. 1197 and under no other authority. Section 3 of that Act is as follows:

''The Board of County Commissioners of Lake County, Florida, is hereby authorized and empowered for and on behalf of said Special Road and Bridge District so created, established and constituted to issue, sell and deliver bonds in the aggregate sum of Six Hundred Thousand Dollars, the proceeds of the sale of which shall be used for building, constructing, reconstructing and hard-surfacing and improving certain roads and bridges. Said bonds shall bear interest at a rate not to exceed six per cent per annum, payable semi-annually and shall mature not more than thirty days after date at such time or times as said Board may determine by resolution.''

Under this authority the County Commissioners proposed to issue bonds in the sum of Six Hundred Thousand Dollars bearing interest at six per cent (6%) per annum, payable semi-annually in denominations of $1,000.00 each, such bonds to mature $200,000.00 on July 1st, 1937; $200,000.00 on July 1st, 1947, and $200,000.00 on July 1st, 1957.

We find no authority in the Act referred to for the issuance of bonds with such maturities. It is well established that the language of a statute may be so plain as to fix the legislative intent and leave no room for interpretation and construction. Fine v. Moran, 74 Fla. 417, 77 Sou. 533. And also that ''In interpretating the words of a statute the courts perform no function of legislation, but seek

only to ascertain the legislative intention and where the language is plain, definite in meaning without ambiguity, it needs no interpretation or construction and itself fixes the legislative intention." Fine v. Moran, 74 Fla. 417.

Again in the case above cited the Court say:

"It is not allowable to bend the terms of an Act of the Legislature to conform to our view as to the purpose of the Act where its terms are expressed in language that is clear and definite in meaning. Certainly it is not permissible to strike out words of plain, definite meaning and substitute others in order that the purpose of the Act after such remodeling may more nearly conform to our notions as to its purpose and be congruent with our views as to what language should have been used to accomplish such purpose of the statute."

In the instant case there is no ambiguity in the words used to limit the time within which the bonds to be issued must mature. The words used are "thirty days." The Court has no right or authority to strike out of the Act words which have a definite and well-known meaning and substitute in lieu thereof other words which the Court might assume would express the more reasonable intent of the Legislature. The Court would have as much right and authority to strike out the words "Six Hundred Thousand Dollars" and insert in lieu thereof the words "Six Thousand Dollars" or the words "Six Million Dollars." It would have as much right and authority to strike out the word "days" and insert in lieu thereof the word "weeks," "months" or "decades," as it would to insert in lieu thereof the word "years." It must be assumed that the Legislature carefully weighed and considered every word and provision of the bill and that it used the ordinary unambiguous words appearing in the bill advisedly and for a purpose. That such words used may, when adhered to,

result in making the Act a nullity is not a concern of the Court to that extent that the Court will be called upon to so amend the legislative Act by judicial construction so as to give power and authority which was specificly withheld by the clear and simple language of the statute. The decree validating and confirming the bond issue under consideration should be reversed and it is so ordered.

Reversed.

ELLIS, C. J., AND WHITFIELD, STRUM AND BROWN, J. J., concur.

TERRELL, J., dissents.