THOMAS, Justice
(dissenting).
I respectfully but not reluctantly dissent from the opinion of a majority of the members of the court.
The appellee owns a Volkswagen automobile weighing 1620 pounds and the pivotal question in this case is how much of a tax, if any, she is required to pay to obtain a license tag. By way of bill for declaratory decree she assumed a primary position that she owed no tax at all and the secondary position that she owed but three dollars assessed in “ ‘X’ series: [Applying to] All exempt or official tags” under Section 320.08(11), Florida Statutes 1965.
The chancellor prefaced his finding of law and fact by quoting Section 1, Article IX of the Constitution, F.S.A., mandating the legislature to provide for a uniform and equal rate of taxation and to prescribe such regulations as shall accomplish this. He observed that the provisions related only to ad valorem taxes but were controlling in the assessment of motor cars until the adoption, in 1930, of Section 13, Article IX of the Constitution which provided that motor vehicles should be subject to only one form of taxation, namely the license tax for their operation. He reasoned that without this Constitutional provision for payment of taxes on automobiles Section 1 of Article IX “would” render invalid any attempt of the legislature to exempt a class of automobile except such of them as were devoted to “municipal, education, literary, scientific, religious or charitable purposes,” as detailed in that section.
Next it is commented in the opinion that the appellee assumed the dual and inconsistent positions that Section 13 of Article IX relieved her of payment of ad valorem taxes on her Volkswagen while omission of any provision for payment of license tax in Section 320.08(2) (Chapter 63-528, Laws of Florida, Acts of 1963) relieved her also of the license tax. All this may be true but I meet insurmountable difficulty in following the reasoning of the chancellor from this point forward.
It is next observed that by Section 320.08 (2), Florida Statutes 1961, F.S.A., there appeared “Automobiles for Private Use.— * * * ‘D’ Series: Net weight of less than 2,500 pounds: Ten dollars ($10.00) flat.” ■
Then came the session of the legislature in 1963 at which Section 320.08 was completely redrafted by Section 1 of Chapter 63-528, Laws of Florida, Acts of 1963. Parenthetically, in his opinion the chancellor writes that Section 320.08 was "amended by being completely redrafted.” In that act there appeared no classification of cars weighing less than 2000 pounds. I repeat, appellee’s car weighed 1620 pounds.
The chancellor, anchoring his view to the principle that courts should sustain legislation if that is possible by any strict or liberal construction, concluded that this should be done in the instant case and, when done, would result in the imposition of a tax upon motor vehicles weighing less than two thousand pounds under Section 320.08, Florida Statutes 1961, F.S.A. which, apparently would be revived to that extent for the purpose of curing the deficiency in the amendatory act. This results in a strange, and I fear, an impractical situation because the “D Series” has a double definition for under Section 320.08 (the 1961 Act) it covers cars weighing less than 2500 pounds and fixes the tax at $10.00 “flat” while under Section 320.08 (the 1963 Act) automobiles weighing less than 2500 *79 pounds but more than 2000 pounds would be taxed at $12.50 flat.
If I understand the ruling, part of the 1963 statute has been held unconstitutional because of what was left out of it and resort is had to the 1961 statute with the result that the appellee is thereby assessed a tax for the year 1966.
The problem that there has been an oversight or inadvertence in the enactment of the comprehensive amendatory act of 1963 is puzzling but it is not entirely new. We faced such a situation 40 years ago in the case of Osbornne v. Simpson, 94 Fla. 793, 114 So. 543, where certain bonds were required to mature in 30 days, instead of 30 years, obviously an inadvertence. The court there held: “such words used may, when adhered to, result in making the act a nullity is not a concern of the court to that extent that the court will be called upon to so amend the legislative act by judicial construction so as to give power and authority which was specifically withheld by the clear and simple language of the statute.” And as late as the present month, in our opinion in State of Florida v. Hospital District of Hardee County, Fla., 201 So.2d 69, we were confronted with a law which created the hospital district, defined its duties, vested in it the power of eminent domain and the authority to borrow money then provided that the Board of County Commissioners, instead of the hospital board, was empowered to issue certificates of indebtedness to further the over-all program of caring for the sick.
Plainly error was committed and this the county commissioners undertook to remedy by resolving that the reference to that board was error and that the certificates should be issued by the hospital board. We declined to rewrite the law so to provide.
I think the instant case falls in the same category and that the correction of the inadvertent omission of provisions for taxes on automobiles weighing less than 2000 pounds is definitely within the province of the legislature to repair. In this connection we should take judicial notice of the fact that the legislature is now in session.
That part of the decree dealing with the power of the Director of the Department of Motor Vehicles under Section 320.17, Florida Statutes, F.S.A., should not be disturbed.
In my opinion, the decree otherwise should be reversed.