Ms. Susan F. Delegal General Counsel Board of County Commissioners Broward County Governmental Center, Suite 423 115 South Andrews Avenue Fort Lauderdale, Florida 33301
Dear Ms. Delegal:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS A COUNTY COMMISSION PURSUANT TO s 171.062(2), F.S., REQUIRED TO APPROVE A DECREASE IN THE DENSITY ALLOWED UNDER A COUNTY LAND USE PLAN AND COUNTY ZONING OR SUBDIVISION REGULATIONS UP TO TWO YEARS AFTER AN AREA HAS BEEN ANNEXED BY A MUNICIPALITY?
Your letter states that it is the current policy of the Broward County Board of County Commissioners to review municipal rezonings and local land use plan amendments in areas annexed within two years after annexation if such a change would increase allowable densities. As you have noted in your opinion request, s 171.062, F.S., requires approval of such increases in density by the governing body of the county in order to effectuate such a change. You question whether decreases in density must be similarly approved.
Chapter 171, F.S., the Municipal Annexation or Contraction Act, provides that an area which is annexed to a municipality shall be subject to all the laws, ordinances and regulations which are in force in the municipality and shall be entitled to the same privileges and benefits as other parts of the municipality upon the effective date of the annexation. Section 171.062(1), F.S. Pursuant to s 171.062(2), F.S.,
 If the area annexed was subject to a county land use plan and county zoning or subdivision regulations, said regulations shall remain in full force and effect until otherwise provided by law. However, a municipal governing body shall not be authorized to increase, and is expressly prohibited from increasing, or decrease the density allowed under such county plan and regulations for a period of 2 years from the effective date of the annexation unless approval of such increase is granted by the governing body of the county.
The legislative intent of this provision appears to be that a municipality is completely foreclosed (within the prescribed period of two years) from decreasing the density allowed under a county land use plan and zoning and subdivision regulations in an area annexed by a municipality although an increase in the allowable density may be accomplished after securing the approval of such an increase by the county's governing body. It is the rule that when the language of a statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction. See, e.g., Reino v. State, 352 So.2d 853, 860 (Fla. 1977); State v. Egan, 287 So.2d 1,4 (Fla. 1973); Osborne v. Simpson, 114 So. 543, 544 (Fla. 1927); Fine v. Moran, 77 So. 533, 536 (Fla. 1917). The prohibition on the decrease of density allowed under a county land use plan and regulations following annexation appears to be complete, allowing for no exception thereto. Further, it would appear that the only exception expressed by the terms of s 171.062(2), F.S., from the general prohibition against a change in density allowed under a county land use plan and zoning or subdivision regulations is an exception for an increase in density when such increase is granted by the county governing body. See, Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department,187 So.2d 65, 67 (4 D.C.A.Fla., 1966); Williams v. American Surety Company of New York, 99 So.2d 877, 880 (2 D.C.A.Fla., 1958), for the proposition that where a statute sets forth exceptions, no others may be implied to be intended.
Therefore, it is my opinion that, pursuant to the express terms of s 171.062(2), F.S., a county is neither required nor authorized to approve a decrease in the density allowed under a county land use plan and county zoning or subdivision regulations for a period of two years from the date an area has been annexed by a municipality.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General