The Honorable Paul N. Pappas Secretary Department of Transportation Haydon Burns Building 605 Suwannee Street Tallahassee, Florida 32301-8064 The Honorable Fred Roche Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Secretary Pappas and Secretary Roche:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 MAY FINANCIAL STATEMENTS PREPARED AND SUBMITTED TO THE DEPARTMENT OF TRANSPORTATION PURSUANT TO s. 337.14(1), F.S., BE REVIEWED BY THE DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF ACCOUNTANCY, TO DETERMINE COMPLIANCE BY CERTIFIED PUBLIC ACCOUNTANTS AND PUBLIC ACCOUNTANTS WITH ACCOUNTING STANDARDS?
Pursuant to s. 337.14, F.S., each person who bids on Department of Transportation construction contracts in excess of $150,000 must be prequalified. As part of the qualification process, each applicant must submit an annual financial statement and the opinion of a certified public accountant (CPA) or public accountant approved by the department. These financial statements must meet the requirements which the Board of Accountancy has set forth in its rules and the statutes governing technical compliance with Generally Accepted Accounting Principles (GAAP) and Generally Accepted Auditing Standards (GAAS).
I am advised by counsel for the Board of Accountancy that the board and the Department of Professional Regulation (DPR) need a clarification of their authority to conduct random reviews of financial statements filed pursuant to s. 337.14(1), F.S., to determine whether the CPA firms filing such statements are complying with the above-mentioned technical requirements. You state that these reviews would be conducted in a confidential manner unless and until grounds for a finding of probable cause have been determined and possibly until the subsequent disciplinary proceeding is instituted against the CPA or firm involved. Both the board and the department are of the opinion that, in order to maintain the high standards of practice now prevalent in this state, it is necessary that such financial statements as those submitted to the Department of Transportation be randomly checked for compliance with minimum technical standards. You state that it is in the state's and the department's interest that the qualification process include financial statements which comply with minimum technical standards. Information you have submitted indicates that the purpose of the review by the board would not involve matters of substance regarding the financial positions of the contractors in question but would only relate to technical compliance with GAAP and GAAS on the part of the CPA's preparing the statements. If, however, grounds for finding probable cause do exist, these records could become available to the public in a proceeding disciplining the CPA.
Section 337.14(1), F.S., provides that:
 Any person desiring to bid for the performance of any contract in excess of $150,000 which the Department of Transportation proposes to let must first be certified by the department as qualified pursuant to law and rules of the department. The department shall adopt rules for the qualification of persons to bid on contracts in excess of $150,000, which rules shall include requirements with respect to the equipment, past record, experience, and
 Each applicant seeking qualification to bid on contracts in excess of $150,000 shall furnish the department a statement under oath, on such forms as the department may prescribe, setting forth detailed information with respect to his financial resources, equipment, past record, experience, and organizational personnel, together with such other information as the department may deem necessary. Each application for certification shall be accompanied by a financial statement of the applicant, which financial statement shall reflect the financial condition of the applicant as of a date not more than 120 days prior to the date of filing the application. No applicant may be certified as qualified to bid on such contracts unless his financial statement is accompanied by an opinion of a certified public accountant or public accountant approved by the department. The information required by this subsection is confidential and exempt from the provisions of s. 119.07(1). The department shall act upon the application for qualification within 30 days after it is presented. (e.s.)
And see, Rule 14-22.02(2), F.A.C., which states that "[t]he financial statements included in the application shall be prepared in accordance with Generally Accepted Accounting Principles (GAAP) or Other Comprehensive Basis of Accounting (OCBA). . . ."
The emphasized portion of s. 337.14(1), F.S., supra, specifically requires the confidentiality of information required by subsection (1) without qualification or exception. It is a fundamental rule of statutory construction that where the legislative intent as evidenced by a statute is plain and unambiguous, there is no necessity for any construction or interpretation of the statute and effect need only be given to the plain meaning of its terms. State v. Egan, 287 So.2d 1, 4 (Fla. 1973), and authorities cited therein. As stated in Van Pelt v. Hilliard, 78 So. 693, 694-695
(Fla. 1918),
 The Legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed, so that the act read by itself or in connection with other statutes pertaining to the same subject is clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms. Cases cannot be included or excluded merely because there is intrinsically no reason against it. Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity. If a legislative enactment violates no constitutional provision or principle, it must be deemed its own sufficient and conclusive evidence of the justice, propriety, and policy of its passage. Courts have then no power to set it aside or evade its operation by forced and unreasonable construction. If it has been passed improvidently the responsibility is with the Legislature and not the courts. Whether the law be expressed in general or limited terms, the Legislature should be held to mean what they have plainly expressed, and consequently no room is left for construction. . . .
See also, Osborne v. Simpson, 114 So. 543, 544 (Fla. 1927); Reino v. State, 352 So.2d 853, 860 (Fla. 1977).
Section 119.07(3)(a), F.S., provides that all public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the mandatory inspection and copying provisions of s. 119.07(1), F.S. In Wait v. Florida Power Light Company, 372 So.2d 420, 424 (Fla. 1979), the Florida Supreme Court construed s. 119.07(3)(a) [then s. 119.07(2)(a)] as exempting only "those public records made confidential by statutory law and not those documents which are confidential or privileged only as a result" of judicial decisions or declarations of public policy. (e.s.) Thus, every public record (as defined in s. 119.011[1], F.S.) is subject to the examination and inspection provisions of s. 119.07(1), F.S., unless a specific statutory provision can be pointed to which exempts those records for disclosure. See also, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980); Forsberg v. The Housing Authority of the City of Miami Beach, 455 So.2d 373
(Fla. 1984). The exception or exemption contained in s. 337.14(1), F.S., to the effect that information submitted pursuant to this subsection is confidential, is clearly a statutory requirement of confidentiality and this office cannot disregard the clear intent and language of s. 337.14(1), F.S., imposing such a requirement of confidentiality.
A state administrative agency or officer possesses no inherent power and may exercise only such authority as is expressly or by necessary implication conferred by law. See, e.g., 67 C.J.S. Officers ss. 190, 192; Lang v. Walker, 35 So. 78, 80 (Fla. 1903); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); and AGO's 71-28, 75-299, 78-46, 78-77, 78-94, 78-101. See generally, 73 C.J.S. Public Administrative Law and Procedure s. 50. Further, implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers expressly granted. See, 1 Am.Jur.2d Administrative Law and Procedure s. 33, p. 846; State v. Atlantic Coast Line R. Co., 47 So. 969, 974 (Fla. 1908); Keating v. State,167 So.2d 46, 51 (1 D.C.A.Fla., 1964); Gardinier, Inc. v. Department of Pollution Control, 300 So.2d 75, 76 (1 D.C.A.Fla., 1974); St. Regis Paper Company v. State, 237 So.2d 797, 799 (1 D.C.A.Fla., 1970); and Williams v. Florida Real Estate Commission,232 So.2d 239, 240 (4 D.C.A.Fla., 1970). While the Board of Accountancy and the Department of Professional Regulation have express powers under Chs. 455 and 473, F.S., regarding examination, licensing, discipline, continuing education and license renewal of accountants, I am not aware of, nor have you brought to my attention, any provision which would expressly or impliedly authorize the board or the department to examine the financial statements of highway contractors for purposes of monitoring the compliance of CPA's and public accountants with Generally Accepted Accounting Principles and Generally Accepted Auditing Standards. See, s. 455.217, F.S., relating to examinations administered by the Department of Professional Regulation; s. 455.225, F.S., setting forth the procedure for disciplinary proceedings instituted by the department; s. 455.227, F.S., providing the grounds for discipline by a board, including in (1)(a) that the licensee has made misleading, deceptive, untrue, or fraudulent representations in the practice of his or her profession and in (1)(b) that the licensee has intentionally violated any rule adopted by the board or the department and penalties for such violations; s. 473.306, F.S., providing for examinations to be administered by the Department of Professional Regulation for purposes of licensure of certified public accountants; s. 473.311, F.S., regarding license renewal and requiring in (1) that the Board of Accountancy renew a license in public accounting upon receipt of the renewal application and fee and upon certification by the board that the licensee has satisfactorily demonstrated his or her competence in public accounting; s. 473.312, F.S., requiring that, as part of the license renewal *2556 procedure, the board of accountancy shall require licensees to complete a number of hours of continuing education in public accounting subjects. Cf., Rule 14-22.041(1)(b)4., F.A.C., which states that the Department of Transportation will make such inquiries and investigations as deemed necessary to verify and evaluate the applicant's statements and determine his or her competency for qualification; factors to be used in making such a determination include adequate financial resources. And see, Rule 14-22.12(1)(b), F.A.C., stating that the Department of Transportation may suspend for a specified period of time or revoke for good cause any certificate of qualification if the contractor makes false, deceptive, or fraudulent, statements in the application, in any document submitted to the department, or in any administrative or judicial proceedings.
Therefore it is my opinion, until legislatively or judicially determined otherwise, that pursuant to the statutory exemption from the disclosure provisions of s. 119.07(1), F.S., contained in s. 337.14(1), F.S., and the requirement of confidentiality for information required to be submitted pursuant to this subsection, and in the absence of any express or necessarily implied statutory authority for such action by the Board of Accountancy or the Department of Professional Regulation, the financial statements prepared and submitted to the Department of Transportation pursuant to s. 337.14(1), F.S., are confidential and exempt from inspection or review by the Department of Professional Regulation, Board of Accountancy, for the purpose of determining compliance with accounting standards by certified public accountants and public accountants.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General