The Honorable Charlie Johnson Sheriff, Escambia County Post Office Box 18770 Pensacola, Florida 32523
Dear Sheriff Johnson:
You have asked for my opinion on the following questions:
1. Can a sheriff of a Florida county lawfully appoint someone as a deputy sheriff if the intended appointee is not and does not intend to become a citizen and resident of the State of Florida? 2. If a lawfully appointed deputy sheriff moves out of the state and establishes residence in another state does the deputy lose powers and authority as a deputy sheriff?
In sum:
After satisfying the mandate of s. 30.11, F.S., there is no general county or state residence requirement for deputy sheriffs. However, there is a U.S. citizenship requirement for all law enforcement officers, including deputy sheriffs.
Your questions are interrelated and will be answered together.
Pursuant to s. 30.07, F.S.:
Sheriffs may appoint deputies to act under them who shall have the same power as the sheriff appointing them, and for the neglect and default of whom in the execution of their office the sheriff shall be responsible.
The only residence requirement relating to sheriff's deputies is contained in s. 30.11, F.S., which states that:
The sheriff, or his deputy, shall reside at the county seat or within 2 miles thereof.[1]
The word "or" primarily marks an alternative, and as ordinarily used it means one or the other of two, but not both.[2] Further, the language of the statute appears to be clear and unambiguous and must, therefore, be given effect without additional attempts at construction.[3]
Thus, the statute requires that either the sheriff or one of his or her deputies reside at the county seat or within a two mile radius of the county seat. Once the statutory requirement is accommodated, no other residence requirement is imposed on deputy sheriffs.
I am advised that an argument has been made in the past that deputy sheriffs are required to be county residents. This position has been based on the requirement expressed in s. 30.09(1)(a), F.S., that a deputy sheriff "shall subscribe to the oath now prescribed for sheriffs . . . ." That oath is contained in Art. II, s. 5(b), State Const., which states that:
Each state and county officer, before entering upon the duties of the office, shall give bond as required by law, and shall swear or affirm: "I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of (title of office) on which I am now about to enter. So help me God.",
and thereafter shall devote personal attention to the duties of the office, and continue in office until his successor qualifies.
The argument that deputy sheriffs must be county residents appears to be based on a reading of the phrase "office under the Constitution of the state" to refer to the sheriff, as that is a constitutional office, rather than the office of deputy sheriff.
A candidate for the office of sheriff must be an elector of the county,[4] and since the deputy sheriff is the alter ego of the sheriff, may be called upon to perform the sheriff's duties, and must take the same oath, the argument is made that the deputy is also required to meet the residence requirement.
However, my research shows that a number of persons[5] are required by statute to take the oath prescribed in s. 5, Art. II, State Const., and in none of those cases is the designated officer a constitutional officer nor would he or she step into the shoes of a constitutional officer under any circumstances.
The terms of s. 5(b), Art. II, State Const., are specifically directed to "[e]ach state and county officer," not exclusively to constitutional officers and I cannot infer from s. 5, Art. II, State Const., that the phrase "office under the Constitution of the state" refers only to constitutional officers. Rather, I read this constitutional provision to refer more generally to state and county constitutional, statutory, and common law officers and, in this instance, to the office of the deputy sheriff. Thus, the residence requirements imposed on a sheriff or a candidate for the position of sheriff do not apply to a deputy sheriff.
In addition, I would note that this office has determined that s.876.05, F.S., which prescribes a "loyalty oath" for public employees, including deputy sheriffs, may be modified to reflect that the individual taking the oath is a resident alien and not a citizen of Florida or of the United States.[6] As is noted in that opinion, the fact that one is not a citizen does not prevent such an individual from swearing in good conscience to support the Constitution. Thus, no residence requirement is imposed indirectly on those public employees who must take the oath set forth in s.876.05, F.S.
However, while there is no general residence requirement for deputy sheriffs, there is a general citizenship requirement. Pursuant to s. 943.13, F.S., any person employed or appointed as a full-time, part-time, or auxiliary law enforcement officer[7] must "[b]e a citizen of the United States . . . ."[8]
Thus, deputy sheriffs, who fall within the scope of s. 943.13, F.S.,[9] as law enforcement officers, must be U.S. citizens, but need not be residents of the State of Florida or of the county in which they serve.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] This provision originally appears in s. 1, Ch. 1851, 1871, Laws of Florida. A similar provision was contained in s. 4, Art. 16, State Const. 1885, which reads: "All county officers shall hold their respective offices, and keep their official books and records, at the county seats of their counties; and the Clerk and Sheriff shall either reside or have a sworn deputy within two miles of the county seat." (e.s.)
[2] See, Sparkman v. McClure, 498 So.2d 892 (Fla. 1986). See generally, 67 C.J.S. Or pp. 888-889.
[3] See, Fine v. Moran, 77 So. 533, 536 (Fla. 1917), and Osborne v. Simpson, 114 So. 543, 544 (Fla. 1927).
[4] Section 99.021(1)(a), F.S. And see, s. 3, Art. VI, State Const., which requires that each eligible citizen shall sub-scribe to the following oath upon registering as an elector:
"I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and the Constitution of the State of Florida, and that I am qualified to register as an elector under the Constitution and laws of the State of Florida."
[5] Including the members of the Florida Citrus Commission, pursuant to s. 601.04(2)(b), F.S., and the members of the State of Florida Correctional Medical Authority, pursuant to s. 945.602(1), F.S.
[6] See, AGO 84-66.
[7] Section 943.10(1), F.S., defines "Law enforcement officer", in part, to mean "any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state."
[8] Section 943.13(2), F.S. Cf., Cabell v. Chavez-Salido,454 U.S. 432 (1982) (upholding state statute requiring peace officers, including deputy probation officers to be citizens); and 80 C.J.S. Sheriffs and Constables s. 6 (even in the absence of constitutional or statutory provisions, citizenship has been considered a prerequisite to the holding of the office of sheriff).
[9] Cf., AGO 81-5 (a special deputy appointed in connection with guarding or transporting prisoners without the power of arrest and who is not expected to perform duties of a full-time, part-time, or auxiliary law enforcement officer need not meet the minimum requirements of the Police Standards.