Mr. J. Michael Swaine Attorney for the Sebring Airport Authority 425 South Commerce Avenue Sebring, Florida 33870-3702
Dear Mr. Swaine:
You have asked for my opinion on substantially the following question:
How many votes are required for official action to be taken by the Sebring Airport Authority Board under the airport authority's enabling legislation?
In sum:
An affirmative vote of a majority of the seven-member board is required for official action to be taken by the Sebring Airport Authority, that is, an affirmative vote of four members is required.
The Sebring Airport Authority (the authority) was created by Chapter 67-2070, Laws of Florida,[1] which provides that:
"There is hereby created an authority to be known as the Sebring Airport Authority which shall be a body politic and corporate. The Sebring Airport Authority is hereby constituted a public instrumentality and the exercise of said Authority of the powers conferred by this Act shall be deemed and held to be the performance of essential governmental functions."[2]
The authority is empowered to adopt bylaws for the regulation of its affairs and the conduct of its business; to sue and be sued; to acquire, lease, construct, improve, repair, maintain and operate any airport and other industrial facilities located on the property of the authority; to issue bonds, refunding bonds and revenue certificates; to fix and collect rates, fees and other charges for the use of airport facilities; to acquire, by gift, purchase or eminent domain real property and personal property for improvement, enlargement or operation of airport facilities; and to contract and employ such employees and agents as are necessary for carrying out the provisions of the act.[3]
The authority is governed by a board of seven members known as the Sebring Airport Authority Board.[4] The members of the board serve four-year terms.[5] Section 4, Chapter 67-2070, Laws of Florida, provides that "[f]our (4) members shall constitute a quorum for meetings and affirmative vote of a majority of members shall be necessary for any action taken by the Authority."[6] You question whether this reference to "a majority of members" refers to a majority of the members of the total board or to a majority of the quorum.
It is a rule of statutory construction that when the language of a statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction.[7] Where the language of a statute is plain and definite in meaning without ambiguity, it fixes the legislative intention such that interpretation and construction are not needed.[8]
The language of section 4, Chapter 67-2070, Laws of Florida, is clear: "an affirmative vote of a majority of members shall be necessary for any action taken by the Authority." (e.s.) A majority of members means a majority of the members of the seven member board, that is, four members.[9] Thus, the language of the special act could read, "[f]our (4) members shall constitute a quorum for meetings and affirmative vote of four (4) members shall be necessary for any action taken by the Authority."
The Florida Constitution includes a rule of construction for language similar to that in section 4, Chapter 67-2040, Laws of Florida. Article X, section 12, Florida Constitution, provides rules of construction for provisions of the constitution, and states:
"(e) Vote or other action of a legislative house or other governmental body means the vote or action of a majority or other specified percentage of those members voting on the matter. `Ofthe membership' means `of all members thereof.'" (e.s.)
Thus, for purposes of interpreting constitutional provisions, the phrase "of the membership" relates to the total membership of the body in question. The constitutional provision distinguishes this number from that required when the reference is merely to "a vote," which requires only a percentage of those members who are present and voting on the matter.[10]
Finally, with regard to parliamentary law, where a legal quorum is present, the general rule in the absence of any provision to the contrary is that a proposition is carried by a majority of the legal votes cast.[11] Thus, if the Legislature had intended a majority of the quorum present at a Sebring Airport Authority Board meeting to effect valid official action, no provision other than the quorum language would have been necessary. Rather, the Legislature specified that approval of a "majority of the members" is necessary in order to take official action. This office will not presume that the Legislature intended to enact purposeless or useless legislation.[12]
Therefore, it is my opinion that the phrase "affirmative vote of a majority of members" as contained in section 4, Chapter 67-2070, Laws of Florida, should be read to refer to an affirmative vote of a majority of members of the total board of the Sebring Airport Authority. The constitutional rule of construction and the rules of statutory construction persuade me that the affirmative vote of four members of the airport authority is required for official action to be taken by the board.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Chapter 67-2070, Laws of Florida, has been amended by Ch. 82-382 and Ch. 89-484, Laws of Florida.
[2] Section 2, Ch. 67-2070, Laws of Florida.
[3] Section 6, Ch. 67-2070, Laws of Florida, as amended by s. 6, Ch. 89-484, Laws of Florida.
[4] Section 4, id. as amended by Ch. 82-382, Laws of Florida, and s. 4, Ch. 89-484, Laws of Florida.
[5] Section 4, Ch. 67-2070, Laws of Florida.
[6] While Ch. 67-2040, Laws of Florida, has been amended a number of times, this language has remained unchanged since 1967.
[7] Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984); Reino v.State, 352 So.2d 853, 860 (Fla. 1977); State v. Egan,287 So.2d 1, 4 (Fla. 1973).
[8] Osborne v. Simpson, 114 So. 543 (Fla. 1927).
[9] Cf., 29 C.J.S. Elections s. 119(4), "[i]n computing the number of votes which constitutes a majority, all votes are to be considered."
[10] See, Chiles v. Phelps, 714 So.2d 453, FN8. at 460 (Fla. 1998), in which the Court notes that a two-thirds vote "of the membership" of the Legislature is greater than the two-thirds vote required to override a gubernatorial veto and cites Art. X, s.12(e), Fla. Const. Cf., State v. City of Miami Beach,257 So.2d 25 (1971); and State v. City of St. Augustine, 235 So.2d 1
(1970), discussing voting requirements for approval of bond issues under Art. VII, s. 12, Fla. Const. 
[11] See, 67A C.J.S. Parliamentary Law s. 8b.
[12] See, e.g., Dickinson v. Davis, 224 So.2d 262 (Fla. 1969);Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962).