The Honorable Taylor Douglas Putnam County Sheriff Highway 19 North Post Office Drawer 1578 Palatka, Florida 32178-1578
Dear Sheriff Douglas:
You have asked for my opinion on substantially the following question:
In the absence of an ex parte order or a certificate from an authorized professional pursuant to section 394.463(2), Florida Statutes, what entity within a county is responsible for the transportation of a Baker Act patient to the nearest receiving facility when the patient is taken into custody by a law enforcement agency?
In sum:
The answer to your question will depend on the circumstances under which the person may be in law enforcement custody:
1. If a person is the subject of an ex parte order or certificate requiring involuntary examination and treatment under Florida's Baker Act, the single law enforcement agency designated by the county for this purpose is responsible for transporting that person to the nearest receiving facility.
2. If a person is taken into custody by a law enforcement officer for minor criminal behavior or noncriminal behavior that meets the statutory guidelines for involuntary examination under the act, the law enforcement officer taking the person into custody is responsible for transporting the person to the nearest treatment facility.
3. If a law enforcement officer arrests a person for commission of a felony and believes that the person meets the guidelines for involuntary examination or placement, the person arrested shall be processed through the criminal justice system as any other criminal suspect and is entitled to examination and treatment in the facility where he or she is held.
Chapter 394, Florida Statutes, is known as "The Florida Mental Health Act" or "The Baker Act."[1] In adopting the Baker Act, the Florida Legislature intended that persons with mental, emotional, and behavioral disorders
"be provided with emergency service and temporary detention for evaluation when required; that they be admitted to treatment facilities on a voluntary basis when extended or continuing care is needed and unavailable in the community; that involuntary placement be provided only when expert evaluation determines that it is necessary; that any involuntary treatment or examination be accomplished in a setting which is clinically appropriate and most likely to facilitate the person's return to the community as soon as possible; and that individual dignity and human rights be guaranteed to all persons who are admitted to mental health facilities or who are being held under s. 394.463. It is the further intent of the Legislature that the least restrictive means of intervention be employed based on the individual needs of each person, within the scope of available services."[2]
Section 394.462, Florida Statutes, provides guidelines for the transportation of persons to receiving facilities for evaluation. A "[r]eceiving facility" is defined for purposes of this chapter as
"any public or private facility designated by the department (Department of Children and Family Services) to receive and hold involuntary patients under emergency conditions or for psychiatric evaluation and to provide short-term treatment. The term does not include a county jail."[3]
Pursuant to this section,
"[e]ach county shall designate a single law enforcement agency within the county, or portions thereof, to take a person into custody upon the entry of an ex parte order or the execution of a certificate for involuntary examination by an authorized professional and to transport that person to the nearest receiving facility for examination. The designated law enforcement agency may decline to transport the person to a receiving facility only if:
1. The jurisdiction designated by the county has contracted on an annual basis with an emergency medical transport service or private transport company for transportation of persons to receiving facilities pursuant to this section at the sole cost of the county; and
2. The law enforcement agency and the emergency medical transport service or private transport company agree that the continued presence of law enforcement personnel is not necessary for the safety of the person or others."[4]
Thus, the statute requires that a single law enforcement agency, designated by the county for this purpose, be responsible for the transportation of any person lawfully committed for involuntary psychiatric evaluation.
However, this section also provides that "[w]hen any law enforcement officer has custody of a person based on either noncriminal or minor criminal behavior that meets the statutory guidelines for involuntary examination under this part, the law enforcement officer shall transport the person to the nearest receiving facility for examination."[5] The statute contemplates situations where a person is taken into custody by a law enforcement officer for some noncriminal or minor criminal behavior and that officer determines that the person meets the guidelines for involuntary examination. Under these circumstances the law enforcement officer involved in the incident is required to transport the person directly to the nearest receiving facility.
In the event that a person is arrested for the possible commission of a felony and it appears that the person meets the statutory guidelines for involuntary examination or placement under the Baker Act, the arrested person is to be processed in the same manner as any other criminal suspect. The law enforcement agency shall thereafter "immediately notify the nearest public receiving facility, which shall be responsible for promptly arranging for the examination and treatment of the person." However, a receiving facility is not required to admit a person charged with a crime if the facility determines that it is unable to provide adequate security, but the facility is required to "provide mental health examination and treatment to the person where he or she is held."[6]
Thus, section 394.462, Florida Statutes, describes a comprehensive scheme for the transportation of persons to a receiving facility for involuntary examination and treatment when they are in the custody of a law enforcement agency. The general rule is that where statutory language is plain and definite in meaning without ambiguity, it fixes the legislative intention and statutory interpretation and construction are not needed.[7]
Based on the clear provisions of the statute it is my opinion that if a person is the subject of an ex parte order or certificate requiring involuntary examination and treatment[8] under Florida's Baker Act, the single law enforcement agency designated by the county for this purpose is responsible for transporting that person to the nearest receiving facility. If a person is taken into custody by a law enforcement officer for minor criminal behavior or noncriminal behavior that meets the statutory guidelines for involuntary examination under the act, the law enforcement officer taking the person into custody is responsible for transporting the person to the nearest treatment facility. If a law enforcement officer arrests a person for commission of a felony and believes that the person meets the guidelines for involuntary examination or placement, the person arrested shall be processed through the criminal justice system as any other criminal suspect and is entitled to examination and treatment in the facility where he or she is held.[9]
I note that this office previously issued Attorney General's Opinion 85-81, in which it was concluded that "the law enforcement agency designated by the county is the only agency authorized to transport persons to the receiving facility in the absence of an agreement with an emergency medical transport service to perform this transportation, or pursuant to court order, other designated agent of the court." This opinion and the discussion therein are based on Part I, Chapter 394, Florida Statutes (1985). These statutory provisions were substantially rewritten in 1996 by Chapter 96-169, Laws of Florida. It was this act that created what is now codified as section 394.462, Florida Statutes. As stated in the legislative history for section 15, Chapter 96-169, Laws of Florida, now section 394.462, Florida Statutes:
"Creates s. 394.462 to consolidate and clarify provisions relating to the transportation of persons with mental illness. . . . Clarifies responsibilities of law enforcement agencies and receiving facilities. Sets forth new provision for exceptions to requirements of this section."
The 1996 act substantially expands the provisions for transportation of persons for involuntary examination and treatment. Thus, to the extent of any inconsistency, the discussion and conclusion contained in this opinion should prevail over those of earlier opinions.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 394.451, Fla. Stat., provides the title for the act.
[2] See, s. 394.453, Fla. Stat.
[3] Section 394.455(26), Fla. Stat.
[4] Section 394.462(1)(a), Fla. Stat.
[5] Section 394.462(1)(f), Fla. Stat.
[6] Section 394.462(1)(g), Fla. Stat., but see, s.394.462(1)(j), Fla. Stat., which mandates that "[t]he nearest receiving facility must accept persons brought by law enforcement officers for involuntary examination."
[7] See, e.g., Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984);Osborne v. Simpson, 114 So. 543, 544 (Fla. 1927).
[8] And see, s. 394.463(2), Fla. Stat., providing that an involuntary examination may be initiated by several different means: 1. ex parte order of a court; 2. a person who meets the criteria for involuntary examination shall be taken into custody by a law enforcement officer and delivered to the nearest receiving facility; or 3. a physician, clinical psychologist, psychiatric nurse, or clinical social worker may execute a certificate stating the need for involuntary examination.
[9] In addition, I note that section 394.462(3), Fla. Stat., authorizes certain exceptions to the provisions of that section. Among the exceptions which may be granted by the Secretary of the Department of Children and Family Services is one for "[a] specialized transportation system that provides an efficient and humane method of transporting patients to receiving facilities, among receiving facilities, and to treatment facilities." See, s.394.462(3)(b)3., Fla. Stat. You have not advised me that Putnam County has requested or received any such exception.