Mr. George T. Reeves Attorney for School Board of Madison County Post Office Drawer 652 Madison, Florida 32341
Dear Mr. Reeves:
On behalf of the School Board of Madison County, you have asked for my opinion on substantially the following questions:
1. Is the School Board of Madison County authorized to provide insurance for its non-employee school board attorney and assistant school board attorneys pursuant to section 112.08(2)(a), Florida Statutes?
2. Is the School Board of Madison County authorized to provide insurance for its non-employee school board attorney and assistant school board attorneys pursuant to the school board's home rule powers?
In an earlier Informal Attorney General's Opinion requested by Mr. Gary Williams, Chairperson of the School Board of Madison County, this office concluded that the position of school board attorney was an integral part of the school board's organizational structure to an extent that the individual filling the position could be considered an officer or employee of the district, regardless of the manner in which the school board attorney was compensated.
You have submitted a second, expanded, request for this office's opinion and have provided this office with additional information regarding the scope of duties of the Madison County school board attorney. This office has also consulted with the General Counsel's Office at the Department of Education. You have advised this office that the school board attorney and assistant school board attorneys are not employees of the school board. Rather, these attorneys are members of a local law firm who provide legal services at an hourly rate to the school board on the basis of a retainer contract. You ask particularly whether they may qualify as officers for purposes of section 112.08(2)(a), Florida Statutes. You additionally request that this office consider the authority of the school board to take these actions based on the home rule powers of the school board.
Section 112.08(2)(a), Florida Statutes, provides:
"Every local governmental unit[1] is authorized to provide and pay out of its available funds for all or part of the premium for life, health, accident, hospitalization, legal expense, or annuity insurance, or all or any kinds of such insurance, for the officers and employees of the local governmental unit and for health, accident, hospitalization, and legal expense insurance for the dependents of such officers and employees upon a group insurance plan and, to that end, to enter into contracts with insurance companies or professional administrators to provide such insurance. . . ."
Section 112.08, Florida Statutes, does not contain a definition of the term "officers" for purposes of construing that statute. The statute is broad and encompasses a variety of local governmental units and special districts.[2] However, while section 112.08, Florida Statutes, does not specifically define the term "officer," the school code does contain a definition of who may be considered an officer for purposes of the public school system.
Chapters 1000 through 1013, Florida Statutes, constitute the "Florida K-20 Education Code."[3] Chapter 1012, Florida Statutes, deals with personnel issues for the public school system. Section 1012.01, Florida Statutes, contains definitions to be used in reference to the Florida K-20 Education Code and provides:
"(1) SCHOOL OFFICERS. — The officers of the state system of public education shall be the Commissioner of Education and the members of the State Board of Education; and, for each district school system, the officers shall be the district school superintendent and members of the district school board."
School board attorneys and their assistants are not within the scope of the term "officers" as the Legislature has defined the term for purposes of the school code. It is the rule, that where statutory language is plain and definite in meaning, there is no occasion to resort to rules of statutory interpretation and construction.[4]
Thus, based on the language of section 112.08(2)(a), Florida Statutes, when read together with section 1012.01(1), Florida Statutes, it does not appear that a school board attorney is an officer within the scope of the statutes authorizing the school board to provide insurance for its officers and employees.
QUESTION TWO
You have also asked whether the Madison County School Board may have home rule powers that would authorize the board to purchase insurance for its non-employee school board attorney and his or her assistants.
This office, on many occasions, has recognized the home rule authority of school boards.[5] In Attorney General's Opinion 86-45 this office discussed the variant of home rule power conferred on school boards and stated that "it has been the position of this office that (section1001.32(2), Florida Statutes) conferred on school boards a variant of `home-rule power,' and that a district school board may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district except as expressly prohibited by the State Constitution or general law." It is ultimately the responsibility of the school board to determine whether a particular expenditure satisfies a school purpose, this office may not make such a determination.
In sum, it does not appear that a school board attorney would come within the scope of section 112.08(2), Florida Statutes, which authorizes the payment of premiums for insurance for a school officer. However, under the home rule authority of the school board as expressed in section 1001.32(2), Florida Statutes, the board itself is required to determine whether a school purpose is accomplished by providing insurance for its school board attorney and assistant school board attorneys.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 112.08(1), Fla. Stat., defines the term "local governmental unit" to include school boards.
[2] The statute covers counties, municipalities, community college districts, school boards, and special districts and any county officer listed in s. 1(d), Art. VIII of the State Constitution. See, s. 112.08(1), Fla. Stat.
[3] Section 1000.01(1), Fla. Stat.
[4] See, e.g., M.W. v. Davis, 756 So.2d 90, 91 (Fla. 2000), Holly v.Auld, 450 So.2d 217 (Fla. 1984), and Osborne v. Simpson, 114 So. 543
(Fla. 1927).
[5] See, Ops. Att'y Gen. Fla. 86-45 (1986), 84-95 (1984) and 84-58 (1984).