Mr. Al Cardenas Tew-Cardenas LLP Four Seasons Tower 15th Floor 1441 Brickell Avenue Miami, Florida 33131-3407 Mr. Ed Pozzuoli 110 Southeast 6th Street 15th Floor Fort Lauderdale, Florida 33301
Dear Mr. Cardenas and Mr. Pozzuoli:
You have asked whether the language of section 1002.33, Florida Statutes, requires that charter schools be funded "the same as" other schools in the public school system. As one of the sponsors of the companion Senate bill creating the original charter school legislation in 1996, this is a subject of particular concern to me.[1] In my opinion, for the reasons discussed below, the answer is yes.
In order to supplement the educational opportunities of children, the Florida Legislature in 1996 authorized the creation of charter schools.[2] The statute, now codified at section 1002.33, Florida Statutes, allows for both the creation of new charter schools and the conversion of existing public schools to charter status.[3] Section1002.33 provides for the creation of such charter schools as part of the state's program of public education.[4]
Section 1002.33(17), Florida Statutes, makes provision for the funding of charter schools. The statute states:
 "Students enrolled in a charter school, regardless of the sponsorship, shall be funded as if they are in a basic program or a special program, the same as students enrolled in other public schools in the school district. Funding for a charter lab school shall be as provided in s. 1002.32."
Charter schools are required to report their student enrollment to the district school board and the school board must include each charter school's enrollment in the district's report of student enrollment.[5]
The statute provides the basis for funding students enrolled in a charter school.
Section 1002.33(17)(b), provides:
 "The basis for the agreement for funding students enrolled in a charter school shall be the sum of the school district's operating funds from the Florida Education Finance Program as provided in s. 1011.62
and the General Appropriations Act, including gross state and local funds, discretionary lottery funds, and funds from the school district's current operating discretionary millage levy; divided by total funded weighted full-time equivalent students in the school district; multiplied by the weighted full-time equivalent students for the charter school. Charter schools whose students or programs meet the eligibility criteria in law shall be entitled to their proportionate share of categorical program funds included in the total funds available in the Florida Education Finance Program by the Legislature, including transportation. Total funding for each charter school shall be recalculated during the year to reflect the revised calculations under the Florida Education Finance Program by the state and the actual weighted full-time equivalent students reported by the charter school during the full-time equivalent student survey periods designated by the Commissioner of Education."
A district school board that is providing student programs or services funded by federal funds must provide federal funds for the same level of service to any eligible students enrolled in charter schools in the district.[6] In addition, the statute requires that "[p]ursuant to provisions of 20 U.S.C. 8061 s. 10306, all charter schools shall receive all federal funding for which the school is otherwise eligible, including Title 1 funding . . . "[7] The statute also requires the timely and efficient reimbursement of charter schools by district school boards.[8]
It is a general rule of statutory construction that the intent of the Legislature is to be determined initially from the language of the statute itself.[9] Thus, where the language of a statute is plain and definite in meaning without ambiguity, it fixes the legislative intention such that interpretation and construction are not needed.[10]
Section 1002.33(17), Florida Statutes, provides that "students enrolled in a charter school . . . shall be funded as if they are in a basic program or a special program, the same as students enrolled in other public schools in the school district." The language of the statute appears to be plain and definite and the intention of the Legislature is conveyed clearly and must be followed.
I would note that section 1002.33(6)(h), Florida Statutes, creates a process for mediation by the Department of Education "for any dispute regarding this section subsequent to the approval of a charter application and for any dispute relating to the approved charter, except disputes regarding charter school application denials." In fact, the statute recognizes that certain disputes may not be capable of resolution through mediation and specifically allows the appeal of such a dispute to an administrative law judge who "may rule on issues of equitable treatment of the charter school as a public school [.]" Thus, an administrative procedure is established for the resolution of issues of disparate treatment of charter schools. In light of this statutory language, you may wish to consider working with the Department of Education to mediate any dispute regarding disparate funding of charter schools or to request appointment of an administrative law judge to consider such allegations.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, CS/CS/SB 334, Journal of the Senate, State of Florida, 1996.
[2] See s. 1, Ch. 96-186, Laws of Fla.
[3] Section 1002.33(3), Fla. Stat.
[4] Section 1002.33(1), Fla. Stat.
[5] Section 1002.33(17)(a), Fla. Stat.
[6] Section 1002.33(17)(c), Fla. Stat.
[7] Id.
[8] Section 1002.33(17)(d), Fla. Stat.
[9] See, e.g., M.W. v. Davis, 756 So.2d 90 (Fla. 2000) (when language of statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation and construction as statute must be given its plain and obvious meaning); McLaughlin v. State, 721 So.2d 1170 (Fla. 1998);Osborne v. Simpson, 114 So. 543 (Fla. 1927) (where statute's language is plain, without ambiguity, it fixes legislative intention and interpretation and construction are not needed); Holly v. Auld,450 So.2d 217 (Fla. 1984).
[10] See Ops. Att'y Gen. Fla. 00-46 (2000), 99-44(1999), 97-81(1997).