Dear Ms. Theodorides-Bustle:
You ask substantially the following question:
 Does Chapter 08-117, Laws of Florida, authorize the imposition of a $1,000 traffic fine for the failure to keep both wheels on the ground while riding a motorcycle or moped and for the failure to have the motorcycle or moped license tag properly affixed?
Section 1 of Chapter 08-117, Laws of Florida, [1] created section 316.1926, Florida Statutes, which provides:
 "(1) A person who violates the provisions of s. 316.2085(2) or (3) shall be cited for a moving violation, punishable as provided in chapter 318.
 (2) A person who exceeds the speed limit in excess of 50 miles per hour or more in violation of s. 316.183(2), s. 316.187, or s. 316.189 shall be cited for a moving violation, punishable as provided in chapter 318."
Section 2 of Chapter 08-117, supra, amended section 316.2085(2) and created section 316.2085(3), which respectively provide:
 "(2) A person shall ride upon a motorcycle or moped only while sitting astride the seat, with both wheels on the ground at all times, facing forward, and with one leg on each side of the motorcycle or moped. However, it is not a violation of this subsection if the wheels of a motorcycle or moped lose contact with the ground briefly due to the condition of the road surface or other circumstances beyond the control of the operator.
 (3) The license tag of a motorcycle or moped must be permanently affixed horizontally to the ground and may not be adjusted or capable of being flipped up."
Section 3 of the 2008 legislation added subsection (13) to section 318.14, Florida Statutes, which provides:
 "(13)(a) A person cited for a violation of s. 316.1926 shall, in addition to any other requirements provided in this section, pay a fine of $1,000. This fine is in lieu of the fine required under s. 318.18(3)(b), if the person was cited for violation of s. 316.1926(2).
 (b) A person cited for a second violation of s. 316.1926 shall, in addition to any other requirements provided in this section, pay a fine of $2,500. This fine is in lieu of the fine required under s. 318.18(3)(b), if the person was cited for violation of s. 316.1926(2). In addition, the court shall revoke the person's authorization and privilege to operate a motor vehicle for a period of 1 year and order the person to surrender his or her driver's license.
 (c) A person cited for a third violation of s. 316.1926 commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Upon conviction, the court shall impose a fine of $5,000, revoke the person's authorization and privilege to operate a motor vehicle for a period of 10 years, and order the person to surrender his or her driver's license."
When the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to the rules of statutory construction as statute must be given its plain and obvious meaning.[2]
Section 318.14(13)(a), Florida Statutes, clearly provides that a person cited for a violation of s. 316.1926, Florida Statutes, shall, in addition to any other requirements provided in this section, pay a fine of $1,000. Section 316.1926(1) specifically incorporates the provisions of section 316.2085(2) and (3), Florida Statutes, which relate to sitting astride the seat, with both wheels on the ground at all times, facing forward, and with one leg on each side of the motorcycle or moped, and the placement of the motorcycle or moped license plate. While the second sentence of section 318.14(13)(a) states that this fine is in lieu of the fine required under section 318.18(3)(b), if the person wascited for violation of section 316.1926(2), i.e., exceeding the speed limit in excess of 50 miles per hour or more in violation of section 316.183(2),316.187, or 316.189, it does not, in my opinion, alter or limit the application of the first sentence.
An examination of the legislative history indicates that the Legislature was aware that a violation of the provisions relating to motorcycles and mopeds would be subject to the enhanced penalty. As stated in the House of Representatives Staff Analysis,
"CS for HB 137 amends s. 316.2085, F.S., regarding proper operation of a motorcycle. The section is expanded to require motorcycle operators to keep both wheels on the ground at all times (however, it is not a violation if the vehicle loses contact with the ground briefly as a result of road conditions). The amended section also requires the license tag to be permanently affixed to the vehicle and to be incapable of being flipped up.
The bill creates a new s. 316.1926, F.S. This section providesadditional penalties for two types of violations. Specifically,violating s. 316.2085, F.S., described above, or speeding in excess of 50 miles per hours [sic], is punishable by certain special provisions in Chapter 318. The bill amends s. 318.14, F.S., to provide tiered penalties for these violations."[3] (e.s.)
Accordingly, I am of the opinion that Chapter 08-117, Laws of Florida, authorizes the imposition of a $1,000 traffic fine for the failure to keep both wheels on the ground while riding a motorcycle or moped and for the failure to have the motorcycle or moped license tag properly affixed.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] Chapter 08-117, Laws of Fla., became effective October 1, 2008.See s. 4, Ch. 08-117, supra.
[2] See, e.g., M.W. v. Davis, 756 So. 2d 90 (Fla. 2000);McLaughlin v. State, 721 So. 2d 1170 (Fla. 1998); Osborne v.Simpson, 114 So. 543 (Fla. 1927) (where statute's language is plain, without ambiguity, it fixes legislative intention and interpretation and construction are not needed); Holly v. Auld, 450 So. 2d 217 (Fla. 1984).And see In re Order on Prosecution of Criminal Appeals by Tenth JudicialCircuit Public Defender, 561 So. 2d 1130 (Fla. 1990) (best evidence of intent of Legislature is generally plain meaning of statute); Ops. Att'y Gen. Fla. 00-46 (2000) (where language of statute is plain and definite in meaning without ambiguity, it fixes the legislative intention such that interpretation and construction are not needed) and 99-44 (1999).
[3] House of Representatives Staff Analysis on CS/HB 802 (enacted as Ch. 08-117, Laws of Fla.), dated April 15, 2008; storage name: h0137d.EEIC.doc. *Page 1