698 So.2d 296 (1997)
Daniel Marcus McLAUGHLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1942.
District Court of Appeal of Florida, Third District.
July 23, 1997.
Rehearing Denied September 10, 1997.
*297 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, for appellee.
Before NESBITT, LEVY and GODERICH, JJ.
NESBITT, Judge.
United States Federal Protection Service officers Heriberto Martinez and Jack Aho were in downtown Miami when they heard shots fired. They investigated the source of the gunfire. Martinez saw the defendant, Daniel McLaughlin, with what looked like a gun sticking out of his waistband. When Martinez asked McLaughlin if he could talk to him, McLaughlin pulled out a gun, pointed it at the officer, and told him that he didn't want to talk to him. McLaughlin eventually fled, but was captured by the officers. The officers turned McLaughlin over to the City of Miami police department. Thereafter, they returned to the area where the shots were fired and recovered shell casings, which they also turned over to the Miami police.
Pursuant to a jury verdict, the trial court entered a judgment adjudicating McLaughlin guilty of: (1) two counts of aggravated assault on a law enforcement officer with a semiautomatic firearm and a high-capacity detachable box magazine;[1] (2) unlawfully discharging a firearm in public;[2] and (3) resisting an officer without violence.[3] At sentencing, McLaughlin pleaded nolo contendere to unlawful possession of a firearm by a convicted felon.[4] The trial court sentenced McLaughlin to one year and a day in state prison on that charge, and credit for time served on the resisting charge. With respect to the aggravated assaults, the trial court sentenced McLaughlin to two eight-year minimum mandatory terms pursuant to section 775.087(2), Florida Statutes (1993). The court ordered that all sentences were to be served concurrently.
McLaughlin argues on appeal that United States Federal Protection Service officers do not fall under the definition of a "law enforcement officer" for purposes of section 784.07, Florida Statutes (1995). That provision provides, among other things, that when a person is charged with knowingly committing an aggravated assault on a law enforcement officer, the offense is to be reclassified from a third degree felony to a second degree *298 felony. § 784.07(2)(c), Fla. Stat. (1995). It further provides:
As used in this section, the term "law enforcement officer" includes a law enforcement officer, a correctional officer, a correctional probation officer, a part-time law enforcement officer, a part-time correctional officer, an auxiliary law enforcement officer, and an auxiliary correctional officer, as those terms are respectively defined in Sec. 943.10, and any county probation officer; employee or agent of the Department of Corrections who supervises or provides services to inmates; officer of the Parole Commission; and law enforcement personnel of the Game and Fresh Water Fish Commission, the Department of Environmental Protection, or the Department of Law Enforcement.
§ 784.07(1)(a), Fla. Stat. (1995).
Section 943.10(1), in turn, reads:
"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.
McLaughlin maintains that because Federal Protection Service officers do not fall under the definition of "law enforcement officer" found in section 943.10, it was error to subject him to the enhancement provisions of section 784.07.
For two reasons, we are convinced that the legislature did not intend to exclude federal law enforcement personnel from the statute's ambit. First, section 784.07(1)(a) states that "the term `law enforcement officer'includes a law enforcement officer ...." (emphasis added). "Includes" is a term of enlargement, not limitation. See Yon v. Fleming, 595 So.2d 573, 577 (Fla. 4th DCA), rev. denied, 599 So.2d 1281 (Fla.1992). To "include" means "to place, list, or rate as a part or component of a whole or of a larger group, class, or aggregate...." Webster's Third New International Dictionary 1143 (1986). Thus, by using the term "includes" the legislature expressed its intent that what followed that term was meant to be a list of individuals protected by the statute who were but a part of a larger class of people called "law enforcement officers." Obviously, applying the principle of ejusdem generis, that larger class or group would have to be construed to refer to persons of the same kind or nature as those specifically mentioned in the statute. We believe Federal Protection Service police officers fall into that class.
Second, in Soverino v. State, 356 So.2d 269 (Fla.1978), our supreme court interpreted the substantially similar predecessor to the current statute.[5] Applying the same principle of statutory construction we referred to earlier, the court held that section 784.07 covers those officers specifically enumerated in the statute and those persons falling within the general class of "law enforcement officers." Id. at 273. The court specifically noted that prosecutors may look to section 790.001(8) for guidance as to what individuals fall within the class of "law enforcement officers." Id. at 273 n. 4. That subsection specifically provides that officers of the United States with authority to make arrests are "law enforcement officers." § 790.001(8), Fla. Stat. (1995). Thus, in this case, the trial judge correctly ruled that United States Protection officers were "law enforcement officers" for purposes of section 784.07, Florida Statutes.
*299 We find the remaining points raised by McLaughlin to be without merit and do not discuss them. Thus, in accord with our discussion in footnote two, supra, we strike Count 4, unlawfully discharging a firearm in public, from the judgment of conviction. We affirm the judgment, as modified, and the sentences entered thereon.
NOTES
[1] §§ 784.021, 784.07, Fla. Stat. (1995).
[2] § 790.15, Fla. Stat. (1995). It is clear that the listing of this count on the judgment of conviction was a clerical error. The jury found McLaughlin not guilty of this charge. In accord with that finding, the trial court orally acquitted McLaughlin of that charge. Additionally, no sentence was imposed for that count and it was not included in the sentencing guidelines scoresheet. Thus, we strike this count from the judgment of conviction but affirm it in all other respects. See Samudio v. State, 460 So.2d 418 (Fla. 2d DCA 1984).
[3] § 843.02, Fla. Stat. (1995).
[4] § 790.23, Fla. Stat. (1995).
[5] That statute provided that the term "`law enforcement officer' includes, but shall not be limited to ...." Soverino, 356 So.2d at 271 n. 1 (emphasis added). We do not believe the elimination of the phrase "but shall not be limited to" from the statute changes our analysis given the definition of the term "includes" standing alone. In our view, the dropping of that phrase simply eliminated a redundancy.