814 So.2d 1258 (2002)
Gordon E. LITTLEFORD, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. 5D01-2081.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
Gregory M. Wilson, Orlando, for Appellant.
Enoch J. Whitney, General Counsel, and Laurie B. Woodham, Assistant General Counsel, Tallahassee, for Appellee.
GRIFFIN, J.
Gordon Littleford ["Littleford"] appeals a final order of the Public Employees Relations Commission ["Commission"] upholding his dismissal by the Department of Highway Safety and Motor Vehicles ["the Department"]. We find no error and affirm.
Littleford had been with the Florida Highway Patrol ["FHP"] for thirty-four years. From 1987 until February 2000, Littleford was the supervisor of a FHP motorcycle squad assigned to Orange County, which consisted of nine to eleven members.
In February 2000, members of the squad met with Major Rick Gregory, the troop commander, to complain about Littleford's conduct and demeanor. An investigation ensued and Littleford was reassigned to other duty. By letter dated *1259 October 20, 2000, Littleford was advised that the Department was proposing to dismiss him. He requested a predetermination conference which was held by Major Grady Carrick at the FHP's Orlando station. According to the Department, no additional facts were presented by Littleford which caused the Department to change the proposed disciplinary action.
By letter dated December 19, 2000, Littleford was informed that the Department was dismissing him effective January 11, 2001. The dismissal was based on a series of incidents of verbal abuse, profanity, use of racist or sexist epithets and one incident of making a false statement under oath during the investigation.
Littleford complains that the FHP condoned his conduct or failed to adequately warn him of the severity of the consequences of his misconduct. He also complains that his excellent record of service over a thirty-four year career should have mitigated the penalty of dismissal. There is no legal basis to reverse the Commission's decision on these issues.
We address briefly Littleford's first issue on appeal. He contends that he should be relieved of any disciplinary action because the FHP failed to follow its own rules and procedures in disciplining Littleford. For example, FHP policy calls for such investigations to be completed within thirty days, or with a thirty-day extension, but Littleford's investigation dragged on several months. Florida law has long been clear, however, that an agency's failure to meet such procedural benchmarks as investigation deadlines will not prevent disciplinary action unless the delay has prejudiced the employee. See Carter v. Department of Professional Regulation, 633 So.2d 3 (Fla.1994); Department of Business Regulation v. Hyman, 417 So.2d 671 (Fla.1982). Here, there has been no prejudice to Littleford. His claim of mental distress due to the duration of the proceedings and loss of confidence in the fairness of the FHP are not the substantive prejudice contemplated.
AFFIRMED.
COBB and PALMER, JJ., concur.