827 So.2d 290 (2002)
Teresa RENICK, Appellant,
v.
STATE RETIREMENT COMMISSION, Appellee.
No. 5D01-2203.
District Court of Appeal of Florida, Fifth District.
August 30, 2002.
Rehearing Denied October 8, 2002.
*291 C. Allen Watts of Cobb Cole & Bell, Daytona Beach, for Appellant.
Robert B. Button, Office of the General Counsel Department of Management Services, Tallahassee, for Appellee.
STRICKLAND, S., Associate Judge.
Teresa Renick, substituted appellant, appeals the final order of the Florida State Retirement Commission upholding the decision made by the Director of the Division of Retirement revoking the "special risk" classification of her husband, Thomas Renick, under the Florida State Retirement System. Ms. Renick raises two issues:
(1) That the State Retirement Commission's Final Order was not in accordance with existing statutes or rules and regulations; and
(2) That the State Retirement Commission's Final Order was based entirely upon hearsay.
We affirm as to both issues, but feel a compelling need to comment as to the Retirement Commission's compliance with existing statutes and rules.
Specifically, the merits hearing in this matter was held on November 15, 1999, and the final written order was not issued until June 29, 2001. While the Commission ruled at the conclusion of the merits hearing on November 15, 1999, that Mr. Renick was not entitled to a "special risk classification", the Commission did not render a final order in writing detailing findings of fact until the June 29, 2001 date, some 600 days later. Ms. Renick's lynchpin for reversal on this issue revolves around section 120.569(2)(l), Florida Statutes (2001), which states:
120.569 Decisions which affect substantial interests.
* * *
[2](l) Unless the time period is waived or extended with the consent of all parties, the final order in a proceeding which affects substantial interests must be in writing and include findings of fact, if any, and conclusions of law separately stated, and it must be rendered within 90 days:
1. After the hearing is concluded, if conducted by the agency;
Although section 120.569(2)(l) states that final orders must be rendered within 90 days, it does not specify any sanction for violation of the time requirement. In Dep't of Bus. Regulation v. Hyman, 417 So.2d 671, 673 (Fla.1982), the Supreme Court held that the untimely rendition of a final order did not cause the order to be unenforceable where it did not result in impairment of either fairness of the proceeding or correctness of the action or prejudice to the parties. Additionally, this court has held that Florida law has long been clear that when an agency fails to meet procedural benchmarks the delay must cause prejudice to the party in order for the party to obtain relief. See Littleford v. Dep't of Highway Safety and Motor Vehicles, 814 So.2d 1258 (Fla. 5th DCA 2002).
Here, despite this lengthy delay, Ms. Renick has failed to show how the delay in the issuance of the final written order of *292 the Retirement Commission caused prejudice. In fact, at the time the final order was written, her only interest was as a designated beneficiary of Mr. Renick's retirement plan. Mr. Renick was still alive and employed by Volusia County at the time the order was written.[1] Mr. Renick had not begun to collect any retirement benefits, and was aware of the decision of the Retirement Commission at the conclusion of the merits hearing in November of 1999. The essence of Ms. Renick's argument regarding prejudice is that during the 600 day delay in submission of the final order, Mr. Renick was robbed of the opportunity to make meaningful decisions about the quality of his life, including whether he should continue to work or simply remain home with his family. While we appreciate the personal gravity of these decisions, and the impact they may have had upon Mr. Renick's family time, they do not amount to prejudice sufficient to reverse the Commission's final order.
Our decision notwithstanding, we find ourselves troubled by the Commission's 600 day delay in rendering a final written order.[2] While we recognize that there was substantial competent evidence to support the Retirement Commission's decision in this matter, there is something patently unfair about making someone who is seeking a final decision about retirement benefits wait 600 days before an appeal can be taken of the final order. We can envision no justifiable reason for a delay of this magnitude, and would hope that our legislature will, in the near future, specifically enact some form of statutory sanction for violations of the time requirement in section 120.569(2)(l), Florida Statutes.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] The final order was signed on June 29, 2001. Mr. Renick's last day of employment with Volusia County was August 10, 2001. Mr. Renick died on October 1, 2001, and Ms. Renick was substituted as party appellant in this cause on December 7, 2001.
[2] The Division of Retirement contends that the fault in the delay in issuance of the final order was that of the State Retirement Commission, a completely autonomous commission created within the Department of Management Services. The Division further argues that it has no authority over the commission, or the legal advisor provided by the Attorney General who writes the orders. See (§ 121.22, Fla.Stat.(2001)).