951 So.2d 40 (2007)
JAMES W. WINDHAM BUILDERS, INC., and FCBI/USIS, Appellants,
v.
Kim Van OVERLOOP, Appellee.
No. 1D06-657.
District Court of Appeal of Florida, First District.
March 6, 2007.
*41 Katherine A. Mockler and Kimberly A. Hill of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for Appellants.
David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for Appellee.
THOMAS, J.
In this workers' compensation case, Appellant-Employer/Carrier (E/C) seeks review of an order finding it responsible for Claimant's attendant care. We agree with E/C that section 440.13(2)(b), Florida Statutes (2004), requires that a prescription be in writing before attendant care will be provided; however, because we find that Claimant's failure to provide a written prescription was caused by E/C's willful ignorance, we affirm the findings of the Judge of Compensation Claims (JCC).
*42 Claimant severely injured his ankle in a workplace accident in April 2004, requiring emergency surgery. At the time of Claimant's hospital discharge, his treating physician did not provide a written prescription, but orally prescribed attendant care from Claimant's Wife. Claimant's Wife was responsible for assisting Claimant with daily living, including grooming, using the bathroom, preparing meals, keeping the injury clean and dry, and taking all medications. At Claimant's request, his physician did write a prescription on November 11, 2004, requiring attendant care for four hours per day for ten weeks, which was intended to be a memorialization of his initial oral prescription at the time of the injury. E/C received the prescription the next day.
On the same date that E/C received the written prescription, Claimant filed a petition for benefits requesting, inter alia, payment of attendant care to his Wife. E/C denied coverage on the grounds that section 440.13(2)(b), Florida Statutes (2004), requires an attendant care prescription not only be in writing, but also that the prescription be written before the attendant care is actually provided.
Claimant's Wife testified at the hearing that she was never advised that a prescription must be in writing before being authorized. She had had various conversations with E/C's adjuster over the previous months and relayed that she was having difficulty doing everything required of her because she "was not a medical professional." During these conversations, the topic of attendant care never came up.
The JCC entered an order holding E/C responsible for attendant care, and finding that the written prescription was sufficient to meet the statutory definition because it merely formalized the doctor's previous oral prescription. The JCC further found that "the carrier's actions in this case amount to an attempt to hide behind a wall of willful ignorance concerning claimant's needs for attendant care following his surgery." This timely appeal follows.
An award of attendant care is subject to the requirements of the statute in effect at the time the care was provided. See Socolow v. Flanigans Enters., 877 So.2d 742 (Fla. 1st DCA 2004). At the time Claimant received attendant care, section 440.13(2)(b), Florida Statutes (2004), stated the following:
The employer shall provide appropriate professional or nonprofessional attendant care performed only at the direction and control of a physician when such care is medically necessary. The physician shall prescribe such care in writing. The employer or carrier shall not be responsible for such care until the prescription for attendant care is received by the employer and carrier, which shall specify the time periods for such care, the level of care required, and the type of assistance required. A prescription for attendant care shall not prescribe such care retroactively.

(Emphasis added.) The JCC found that the physician's oral prescription qualified as proper authorization under the statute, as it was improper for E/C to require an actual written prescription prior to the time the attendant care was provided. We disagree.
When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction. The statute must be given its plain and obvious meaning. McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998). A court has no power to modify an unambiguous statute by judicial interpretation. Id. A plain reading of section 440.13(2)(b), Florida Statutes (2004), states that attendant care is compensable *43 only if it is provided after E/C receives a written prescription. Although Claimant's doctor orally prescribed attendant care, the statute requires the prescription be reduced to writing in order to be compensable; therefore, the JCC's interpretation of the statute is in error.
It is well established, however, that an E/C may not avoid payment by willful ignorance. Attitudes & Trends v. Arsuaga, 616 So.2d 1103, 1103 (Fla. 1st DCA 1993). Here, E/C failed to adequately monitor Claimant's need for benefits. Accordingly, the JCC made a factual finding that E/C's actions were an attempt to hide behind a wall of willful ignorance. We agree.
An employer must monitor a claimant's injuries and provide needed benefits. IMC Phosphates Co. v. Prater, 895 So.2d 1263 (Fla. 1st DCA 2005). Although E/C argues that the applicable version of section 440.13(2)(b), Florida Statutes (2004), has precluded the duty to investigate attendant care until a written prescription is received, we find this reasoning unfounded. In fact, to suggest otherwise would violate section 440.015, Florida Statutes (2004), where the legislature states its intent that workers' compensation law "be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker." Here, E/C advised the treating physician regarding workers' compensation billing information, but failed to inform him of the statutory requirement of a written prescription for attendant care.
The standard of review in workers' compensation cases is whether competent, substantial evidence supports the JCC's findings of fact. Jefferson v. Wayne Dalton Corp./Hartford, 793 So.2d 1081, 1083 (Fla. 1st DCA 2001). Here, there was sufficient evidence to support the JCC's finding of willful ignorance. Despite many conversations with Claimant's Wife, E/C never informed her that a written prescription was required to cover attendant care.
E/C argues that despite this evidence, the statutory requirement of a written prescription for attendant care absolves E/C of any duty to inform a doctor or employee of the statutory requirement. We do not agree that this is a reasonable reading of section 440.13(2)(b), Florida Statutes (2004). The statute, by its plain meaning, simply ensures that a doctor will memorialize the medical justification for attendant care; it does not authorize an e/c to willfully ignore an employee's need for treatment by failing to disclose the statutory requirement of the treating physician.
Although we find that the JCC incorrectly interpreted section 440.13(2)(b), Florida Statutes (2004), we further find that E/C did not meet its burden in properly investigating and informing Claimant or his doctor concerning the assisted care requirements. If a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis to support the judgment in the record. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). Accordingly, the judgment below is AFFIRMED.
BARFIELD and VAN NORTWICK, JJ., concur.