975 So.2d 1217 (2008)
MATRIX EMPLOYEE LEASING and FCIC/First Commercial Claim Services, Appellants,
v.
Leopoldo HERNANDEZ, Appellee.
No. 1D07-1455.
District Court of Appeal of Florida, First District.
March 10, 2008.
Kristin J. Longberry of Alvarez, Sambol, Winthrop & Madson, P.A., Orlando, for Appellants.
Yolanda Hewling, Port St. Lucie; and Bill McCabe, Longwood, for Appellee.
WOLF, J.
The employer/carrier (E/C) raises two issues on appeal. We affirm as to both, and choose to discuss one: Whether the Judge of Compensation Claims (JCC) erred as a matter of law in finding that, although claimant unlawfully presented a false social security card for the purpose of obtaining employment, claimant was still owed workers' compensation benefits.
Claimant is a thirty-year-old male who began working for Robert Hershberger through Matrix, the employer. Matrix is the company that provides Mr. Hershberger's workers' compensation insurance. When claimant was hired, he presented to Mr. Hershberger what appeared to be a valid, legitimate social security card. A copy of the card was faxed to the employer upon claimant's hiring. However, the employer did not verify whether the social *1218 security number was valid. The E/C's witness claimed that the E/C did not find out the card was invalid until the day of the accident.
The E/C argues that the JCC erred in its application of sections 440.105(4)(b)(9) and 440.09(4)(a), Florida Statutes. It argues that, pursuant to the plain and unambiguous language of those statutes, the fraudulent obtaining of employment by claimant pursuant to section 440.105(4)(b)(9) is sufficient to trigger the provisions of section 440.09(4)(a), thus mandating that claimant not be entitled to workers' compensation benefits.
Whether the JCC erred in finding that claimant was entitled to workers' compensation benefits even though he was unlawfully employed depends on whether the JCC erred in its interpretation of sections 440.105(4)(b)(9) and 440.09(4)(a), Florida Statutes, which is a question of law. The standard of review, therefore, is de novo. Mylock v. Champion Int'l, 906 So.2d 363, 365 (Fla. 1st DCA 2005).
Section 440.09(4)(a), Florida Statutes (2005), provides:
An employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims, administrative law judge, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 or any criminal act for the purpose of securing workers' compensation benefits.
Section 440.105(4)(b)(9), Florida Statutes (2005), provides:
(b) It shall be unlawful for any person:
. . . .
9. To knowingly present or cause to be presented any false, fraudulent, or misleading oral or written statement to any person as evidence of identity for the purpose of obtaining employment or filing or supporting a claim for workers' compensation benefits.
It is undisputed that claimant violated section 440.105(4)(b)(9), Florida Statutes (2005). What is disputed by the E/C is whether this violation was cause for forfeiture of compensation benefits pursuant to section 440.09(4)(a), Florida Statutes.
"When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction." James W. Windham Builders, Inc. v. Overloop, 951 So.2d 40, 42 (Fla. 1st DCA 2007). "The statute must be given its plain and obvious meaning." Id. (citing McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998)). Although both parties argue the statute in question is clear and unambiguous, their interpretations are contradictory.
The E/C, on one hand, asserts that section 440.09(4)(a) should be read to mean that an employee shall not be entitled to compensation or benefits under this chapter if a JCC determines that the employee has knowingly or intentionally engaged in any of the acts described in section 440.105. Thus, according to the E/C, because it is clear that claimant violated section 440.105(4)(b)(9) by procuring work with a false social security card, claimant should not be entitled to workers' compensation benefits. Claimant, on the other hand, interprets section 440.09(4)(a) differently. Specifically, claimant argues that pursuant to the statute, an employee shall not be entitled to compensation benefits only if a JCC determines that the employee has knowingly or intentionally engaged in any of the acts described in section 440.105 for the purpose of securing workers' compensation benefits. The question thus becomes whether the Legislature intended "for the purpose of securing workers' compensation benefits" to modify just "any criminal act" or, also, "any of the acts *1219 described in s. 440.105." Because at first glance both interpretations appear reasonable, the statute is ambiguous and this court must undergo an exercise in statutory interpretation.
This court must interpret statutes by the well-established norms of statutory construction which require rendering the statutory provision meaningful. Crutcher v. Sch. Bd. of Broward County, 834 So.2d 228, 232 (Fla. 1st DCA 2002). To properly determine the scope of a statutory term, it is necessary to consider the act as a whole, the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already in existence on the subject. Stivers v. Ford Motor Credit Co., 777 So.2d 1023, 1025 (Fla. 4th DCA 2000).
In 2003, section 440.09(4)(a), Florida Statutes (2003), was amended by chapter 2003-412, section 6, Laws of Florida, which added the words "or any criminal act," to read:
An employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims, administrative law judge, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 or any criminal act for the purpose of securing workers' compensation benefits.
Accordingly, prior to the 2003 amendment to this statute, it was clear that "for the purpose of securing workers' compensation benefits" modified any act described in section 440.105. Chapter 2003-412, Laws of Florida, was entitled "An act relating to workers' compensation." It described the amendment to section 440.09(4)(a), Florida Statutes, as "specifying effect of criminal acts." Ch. 2003-412, § 6, Laws of Fla. Accordingly, the act does not indicate that the Legislature intended the prepositional phrases "for the purpose of securing workers' compensation benefits" to no longer modify section 440.105, Florida Statutes, as they had previously. Instead, the addition of "or any criminal act" appears to have simply broadened the application of section 440.09(4)(a) to cover not only acts described in section 440.105, but also other criminal acts, as long as all of those acts are done for the purpose of securing workers' compensation benefits.
Additionally, this interpretation is supported by existing case law. In Pavilion Apartments v. Wetherington, 943 So.2d 226, 227-28 (Fla. 1st DCA 2006), this court cited to section 440.09(4)(a), Florida Statutes (2004), and analyzed it as rendering a claimant ineligible for workers' compensation if it was determined "that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 . . . for the purpose of securing workers' compensation benefits."
The record contains no evidence that claimant violated section 440.105(4)(b)(9), Florida Statutes, for the purpose of obtaining workers' compensation benefits. We, therefore, affirm.
BENTON and PADOVANO, JJ., concur.