Dear Mr. Fernandes:
As attorney for the Florida Department of Law Enforcement's Criminal Justice Standards and Training Commission, you have written on the commission's behalf to request my opinion on substantially the following questions:
1. What is a "completed report of the disciplinary or internal affairs investigation from the employing agency" as that phrase is used in section 943.1395(6)(a), Florida Statutes?
2. Is the Criminal Justice Standards and Training Commission legally authorized to initiate disciplinary action against an officer's certificate if an investigation initiated by the commission pursuant to section 943.139, Florida Statutes, is not completed and presented for a probable cause determination hearing within six months after receipt of the completed employing agency investigation or is that determination discretionary with the commission?
Question One
Your question relates to a determination of time frames for investigations by the Criminal Justice Standards and Training Commission.
The Criminal Justice Standards and Training Commission (the commission) is created by statute within the Department of Law Enforcement[1] and is the body charged with the responsibility to "[e]stablish uniform minimum employment standards for the various criminal justice disciplines" and "[c]ertify, and revoke the certification of, officers[.]"[2]
Section 943.1395(1), Florida Statutes, provides that the commission certifies, pursuant to procedures established by administrative rule, "any person for employment or appointment as an officer[.]" As required by this section, the commission is also involved in investigating compliance with statutory requirements for certification and revoking officer certifications:
 "(5) The employing agency must conduct an internal investigation if it has cause to suspect that an officer is not in compliance with, or has failed to maintain compliance with s. 943.13(4) or (7). If an officer is not in compliance with, or has failed to maintain compliance with, s. 943.13(4) or (7), the employing agency must submit the investigative findings and supporting information and documentation to the commission in accordance with rules adopted by the commission. The commission may inspect and copy an employing agency's records to ensure compliance with this subsection."[3]
The statutes require that an employing agency must conduct an internal investigation into allegations that an officer may be in violation of these statutes.[4] If the employing agency determines that the officer is not in compliance, the agency must submit the investigative findings and supporting information and documentation to the commission.
Rule 11B-27.004, Florida Administrative Code, adopted by the Florida Department of Law Enforcement, outlines the procedures for a probable cause determination by the commission and states:
"At the conclusion of the preliminary investigation and when the reports and documents are received as directed by Sections 943.139 and943.1395, F.S., a determination of probable cause shall be made before the Commission initiates proceedings to take disciplinary action against the certification of an officer."
Section 943.139, Florida Statutes, requires an employing agency to immediately notify the commission in writing of the separation from employment or appointment of any officer. The employing agency must submit or electronically transmit this information on a form adopted by the commission.[5] In the case of a separation from employment or appointment, the employing agency is required to execute and submit or electronically transmit an affidavit-of-separation form to the commission that sets forth in detail the facts and reasons for separation.[6]
Reading these provisions together,[7] it appears that an employing agency must immediately notify the commission in writing, on a form adopted by the commission, of the firing, termination, resignation, retirement, or voluntary or involuntary extended leave of absence of the officer. A copy of the completed report of the disciplinary or internal affairs investigation must be forwarded to the commission for a probable cause determination.
Pursuant to section 943.1395(6)(a), Florida Statutes, the commission is required to revoke the certification of any officer who is found not to be in compliance with these statutory requirements or who intentionally executed a false affidavit:
 "The commission shall cause to be investigated any ground for revocation from the employing agency pursuant to s. 943.139 or from the Governor, and the commission may investigate verifiable complaints. Any investigation initiated by the commission pursuant to this section must be completed within 6 months after receipt of the completed report of the disciplinary or internal affairs investigation from the employing agency or Governor's office. A verifiable complaint shall be completed within 1 year after receipt of the complaint. An investigation shall be considered completed upon a finding by a probable cause panel of the commission. These time periods shall be tolled during the appeal of a termination or other disciplinary action through the administrative or judicial process or during the period of any criminal prosecution of the officer." (e.s.)
You have questioned what constitutes a "completed report of the disciplinary or internal affairs investigation from the employing agency" since the commission's six-month period for completion of its investigation of a complaint begins to run after the completed report is received.
My research has revealed no case law on this matter, nor have you brought any to my attention. This language was added to the statute through an amendment to section 943.1395, Florida Statutes, in 1995.[8] Legislative history surrounding the adoption of this amendment indicates that the Legislature intended that "any investigation by the commission related to the termination of an officer must be completed within 6 months[.]" The amendment to section 943.1395
was described as follows:
 "Section 3 amends s. 943.1395, F.S., to require the commission to complete an investigation within 6 months when the investigation may result in the revocation of an officer's certification. . . ."[9]
One of the sponsors of the bill, Representative Arnall, advised a House committee hearing the bill that "this also has a limitation for 6 months for the investigation — in other words, you can't continue that process forever and ever."[10]
Based on the language of section 943.1395(5), Florida Statutes, when read together with Rule 11B-27.004, Florida Administrative Code, and the clear intent of the Legislature that this process be conducted in a timely manner, it is my opinion that a "completed report of the disciplinary or internal affairs investigation from the employing agency" as that phrase is used in section 943.1395(6)(a), Florida Statutes, refers to the report submitted by the employing agency to the Criminal Justice Standards and Training Commission pursuant to section112.533(2)(a), Florida Statutes. This statute
establishes a procedure for the receipt and investigation of complaints by an employing agency. Reading section 112.533, Florida Statutes, together with section 943.139, Florida Statutes, would require the employing agency to immediately notify the commission in writing, on a form adopted by the commission, of the firing, termination, resignation, retirement, or voluntary or involuntary extended leave of absence of the officer. A copy of the completed report of the disciplinary or internal affairs investigation must be forwarded to the commission for action. Receipt of this information would begin the six-month period during which the commission must complete its investigation into revocation of the officer's certification.[11]
Question Two
You have also asked whether the Criminal Justice Standards and Training Commission is authorized to take action against an officer's certification if it has not completed its investigation within the six-month time period provided in section 943.1395(6)(a), Florida Statutes.
Statutory authority given to administrative officers must be exercised in accordance with the requirements of controlling provisions and principles of law.[12] The Florida Supreme Court has noted that administrative authorities are creatures of statute and have only those powers as are statutorily conferred on them. Their powers must be exercised in accordance with the statute bestowing such powers, and they can only act as prescribed by statute. An administrative officer cannot dispense with any of the essential forms of proceedings which the Legislature has prescribed for the purpose of investing them with the power to act. A commission may not assert the general power given it and at the same time disregard the essential conditions imposed upon its exercise. Officers must obey the statutes until a court with appropriate jurisdiction determines otherwise.[13] Finally, if any reasonable doubt exists as to the lawful existence of a particular power that is being exercised, the further exercise of the power should be arrested.[14]
Section 943.1395(6)(a), Florida Statutes, specifically provides that "[a]ny investigation initiated by the commission pursuant to this section must be completed within 6 months after receipt of the completed report of the disciplinary or internal affairs investigation from the employing agency or Governor's office." Where a statutes language is plain and without ambiguity, it fixes legislative intent and interpretation and construction are not needed.[15]
Thus, it is my opinion that upon receipt of a completed report from the employing agency or Governor's office as provided for in section943.1395(6)(a), Florida Statutes,
the Criminal Justice Standards and Training Commission must complete its investigation within a six month period. I would note, however, that Florida courts have held that an agency's failure to meet procedural benchmarks such as investigation deadlines will not prevent disciplinary action unless the delay has prejudiced the employee.[16] If the limitations prescribed by section 943.1395(6)(a), Florida Statutes, do not provide adequate time for investigation, the commission may wish to work with the Legislature to amend these statutorily prescribed limits.[17]
Sincerely,
Bill McCollum Attorney General
[1] Section 943.11, Fla. Stat.
[2] Section 943.12(3) and (4), Fla. Stat.
[3] Section 943.13(4) and (7), Fla. Stat., require that an officer not have been convicted of any felony or of a misdemeanor involving perjury or a false statement, or have received a dishonorable discharge from any of the Armed Forces of the United States; subsection (7) requires that an officer have a good moral character.
[4] And see s. 112.533(2)(a), Fla. Stat., requiring every law enforcement agency to establish and operate a system for receiving, investigating, and determining the validity of complaints received by the agency from any person. This statute makes provision for the confidentiality of information relating to the complaint; provides the law enforcement officer with certain rights relating to his or her personnel file and its contents; and provides penalties. The statute deals generally with the receipt and processing of complaints and applies until the investigation ceases to be active or the agency head provides written notice to the officer that the agency has either:
 "1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or
 2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges."
Thus, if an internal investigation of a law enforcement officer is concluded with a finding to proceed with disciplinary action or to file charges, the investigation has concluded.
[5] Section 943.139(1), Fla. Stat.
[6] Section 943.139(2), Fla. Stat.
[7] Statutes should be read in pari materia and harmonized when they govern different facets of the same subject matter. See 49 Fla. Jur. 2dStatutes s. 175; Op. Att'y Gen. Fla. 80-60 (1980); Forsythe v. LongboatKey Beach Erosion Control District, 604 So. 2d 452 (Fla. 1992).
[8] See Ch. 95-408, Laws of Fla.
[9] See CS/HB's 491 and 791, Summary and Section-By-Section Analysis, Bill Analysis and Economic Impact Statement, House of Representatives, Committee on Appropriations, dated April 25, 1995. The statute also makes provision for investigation of "verifiable complaints" and establishes a 1 year time line for those investigations.
[10] CS/HB 491, Tape Recording, House Finance Tax Committee Meeting, April 18, 1995.
[11] And see, s. 943.1395(6)(a), Fla. Stat., which provides that time periods are tolled during the appeal of a termination or other disciplinary action through the administrative or judicial process or during a criminal prosecution.
[12] See Edgerton v. International Company, 89 So. 2d 488 (Fla. 1956);State ex rel. Greenberg v. Florida State Board of Dentistry,297 So. 2d 628 (Fla. 1st DCA 1974).
[13] See, e.g., Edgerton, supra; 67 C.J.S. Officers and PublicEmployees ss. 190, 192 (1978); Ops. Att'y Gen. Fla. 86-46 (1986) and 04-30 (2004).
[14] See, e.g., White v. Crandon, 156 So. 303, 305 (Fla. 1934),Gessner v. Del-Air Corporation, 17 So. 2d 522, (Fla. 1944); seegenerally 73 C.J.S. Public Administrative Law and Procedure s. 50 (1983).
[15] See Holly v. Auld, 450 So. 2d 217 (Fla. 1984); McLaughlin v.State, 721 So. 2d 1170 (Fla. 1998); Osborne v. Simpson, 114 So. 543
(Fla. 1927).
[16] See Carter v. Department of Professional Regulation, 633 So. 2d 3
(Fla. 1994); Department of Business Regulation v. Hyman, 417 So. 2d 671
(Fla. 1982); Littleford v. Department of Highway Safety and MotorVehicles, 814 So. 2d 1258 (Fla. 5th DCA 2002).
[17] For purposes of comparison, section 455.225(4), Fla. Stat., authorizes a probable cause panel to request additional investigative information within 15 days from the date of receipt by the probable cause panel of the Department of Business and Professional Regulation's investigative report. This statute also requires the probable cause panel to make its determination within 30 days after receipt of a final investigative report of the department and authorizes the Secretary to grant certain extensions.