983 So.2d 632 (2008)
Nima HESHMATI, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 5D07-909.
District Court of Appeal of Florida, Fifth District.
May 9, 2008.
Rehearing Denied June 6, 2008.
*633 Gregory W. Eisenmenger and Robert R. Berry, of Eisenmenger & Berry, Viera, for Appellant.
Maura M. Bolivar, Carol L. Gregg and Patricia Nelson, Assistant General Counsel, of Department of Health Prosecution Service Unit, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Nima Heshmati, M.D. ["Appellant"], appeals a final order of the Board of Medicine ["Board"], approving the Administrative Law Judge's ["ALJ"] recommended order suspending his license for one year, with credit for the time his license had been under emergency suspension. We affirm.
First, contrary to Appellant's argument, neither section 456.079, Florida Statutes (2001), or Rule 64B8-8.001 requires the ALJ or the Board to consider all enumerated aggravating and mitigating factors and make findings as to each; it provides the mechanism to deviate from the range of penalties when there are such factors. The one-year suspension imposed here was authorized by and within the range of permissible penalties under rule 64B8-8.001(2), Florida Administrative Code, so no such special findings were required. In any event, the ALJ expressly considered all the evidence presented, which would include Appellant's arguments on mitigation.
Appellant also asserts that it was error for the ALJ not to dismiss the disciplinary proceeding because the case was not prosecuted in a timely manner. There are two applicable statutory time frames. Section 456.073(5), Florida Statutes, provides in part: "[T]he department shall notify the division within 45 days after receipt of a petition or request for a formal hearing." Additionally, the "emergency suspension" provision in section 120.60(6), Florida Statutes, requires that suspension or revocation procedures be instituted promptly and acted upon when such a suspension is in place. Section 120.68(7)(c), Florida Statutes (2004) provides:
(7) The court shall remand a case to the agency for further proceedings consistent *634 with the court's decision or set aside agency action, as appropriate, when it finds that:
. . . .
(c) The fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure;
We cannot determine on this record whether the delay was caused by a material error in procedure or a failure to follow prescribed procedure. The Board relies mainly on "settlement discussions" to explain delays in conducting the hearing, which has some record support, although the record also shows several requests by Appellant to proceed with the hearing. We also do not find that the fairness of the proceeding was impaired or that Appellant was materially prejudiced. Florida law has long held that when an agency fails to meet procedural benchmarks, the delay must cause prejudice to the party in order for the party to obtain dismissal. See Renick v. State Retirement Comm'n, 827 So.2d 290, 291 (Fla. 5th DCA 2002); Littleford v. Dep't of Highway Safety & Motor Vehicles, 814 So.2d 1258 (Fla. 5th DCA 2002). On August 19, 2005, Appellant's license was temporarily suspended. Eleven months later, on July 13, 14, and 17, 2006, the hearing was conducted before the ALJ. Appellant was found to have violated section 458.331, Florida Statutes. The ALJ recommended, and the Board imposed, a valid one-year suspension, and he was given credit for the time his license was already suspended.
AFFIRMED.
GRIFFIN, SAWAYA and COHEN, JJ., concur.