Dear Chief Brennan:
You have asked for my opinion on substantially the following question:
Are court costs to be collected for a violation of sections 316.2935
or 316.610, Florida Statutes, if the person cited complies with the provisions of section 318.18(2)(c), Florida Statutes?
You have requested my assistance in determining the appropriate amount of fines and costs to be imposed for an equipment violation under these specific statutes when the violator has the vehicle repaired and properly documented with a police department and the clerk of courts within thirty days.
Chapter 318, Florida Statutes, is the "Florida Uniform Disposition of Traffic Infractions Act."[1] The purpose of the act, as specifically provided by the Legislature, is to decriminalize certain violations of the Florida Uniform Traffic Control Law, the motor vehicle license statutes, drivers' license provisions, Florida intrastate highway system and toll facilities statutes, and the "Support of Learning" law, "thereby facilitating the implementation of a more uniform and expeditious system for the disposition of traffic infractions."[2]
Pursuant to section 318.121, Florida Statutes:
Notwithstanding any general or special law, or municipal or county ordinance, additional fees, fines, surcharges, or costs other than thecourt costs and surcharges assessed under s. 318.18(11) and (13) may not be added to the civil traffic penalties assessed in this chapter. (e.s.)
Pursuant to the act, any person cited for a violation of chapter 316, Florida Statutes, (and specific provisions of other statutes) must be charged and cited with a noncriminal infraction and must be cited to appear before an official.[3] The statute provides that any person cited under these provisions must sign and accept a citation promising to appear. The officer making the citation may provide the time and location of the scheduled appearance on the traffic citation and "must indicate the applicable civil penalty established in s. 318.18."[4] If the violator elects not to appear, he or she shall pay the civil penalty and delinquent fee charged either by mail or in person within a thirty day period after the date of issuance of the citation.[5] A person who elects not to appear and to pay the statutory penalty and fees "shall be deemed to have admitted the infraction and to have waived his or her right to a hearing on the issue of commission of the infraction."[6]
The penalties imposed for a noncriminal disposition pursuant to section 318.14, Florida Statutes, are set forth in section 318.18, Florida Statutes. Pursuant to section 318.18(2), Florida Statutes, the penalty for nonmoving traffic violations is thirty dollars:
(c) For all violations of ss. 316.2935 and 316.610. However, for a violation of s. 316.2935 or s. 316.610, if the person committing the violation corrects the defect and obtains proof of such timely repair by an affidavit of compliance executed by the law enforcement agency within 30 days from the date upon which the traffic citation was issued, and pays $4 to the law enforcement agency, thereby completing the affidavit of compliance, then upon presentation of said affidavit by the defendant to the clerk within the 30-day time period set forth under s. 318.14(4),the fine must be reduced to $7.50, which the clerk of the court shall retain.[7] (e.s.)
Thus, section 318.18(2), Florida Statutes, provides for the reduction of any fine assessed to the amount of $7.50 if the violator complies with the terms of the statute.
However, while section 318.18(2)(c), Florida Statutes, provides for the reduction of the fine imposed by that section, other provisions require the collection of other costs, surcharges and funds. For example, section 318.18(11), Florida Statutes, states that:
(a) In addition to the stated fine, court costs must be paid in the following amounts and shall be deposited by the clerk into the fine and forfeiture fund established pursuant to s. 142.01:
For pedestrian infractions.. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . . . .$3.
For nonmoving traffic infractions.. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . . . .$16.
For moving traffic infractions.. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .. . . .$30.
(b) In addition to the court cost required under paragraph (a), up to $3 for each infraction shall be collected and distributed by the clerk in those counties that have been authorized to establish a criminal justice selection center or a criminal justice access and assessment center. . . . Funds collected by the clerk pursuant to this paragraph shall be distributed to the centers authorized by those special acts.
(c) In addition to the court cost required under paragraph (a), a $2.50 court cost must be paid for each infraction to be distributed by the clerk to the county to help pay for criminal justice education and training programs pursuant to s. 938.15. Funds from the distribution to the county not directed by the county to fund these centers or programs shall be retained by the clerk and used for funding the court-related services of the clerk.
(d) In addition to the court cost required under paragraph (a), a $3 court cost must be paid for each infraction to be distributed as provided in s. 938.01 and a $2 court cost as provided in s. 938.15 when assessed by a municipality or county.
Subsection (13) of section 318.18, Florida Statutes, authorizes a board of county commissioners or any consolidated unit of local government to impose certain surcharges "in addition to any penalties imposed for noncriminal traffic infractions under Chapter 318.[8]
Subsection (14) of the statute provides that certain governmental entities may impose a surcharge for noncriminal traffic infractions under this chapter if they adopt an ordinance to do so. While not all of these costs or surcharges are applicable to every violation, the language of these sections makes it clear that these amounts are to be collected in addition to the stated fine that may be imposed.[9]
Section 318.18(2)(c), Florida Statutes, authorizes the reduction of the fine imposed for violations of sections 316.2935 and 316.610, Florida Statutes, upon compliance with the terms of the statute. Nothing in that section or elsewhere in Chapter 318, Florida Statutes, requires the reduction or waiver of other costs, fees or surcharges imposed elsewhere in this chapter or elsewhere in the statutes. When the law directs how a thing is to be done, that is, in effect, a prohibition against its being done in any other way.[10] In addition, when the language of a statute is plain and definite in meaning without ambiguity, the legislative intent is fixed such that interpretation and construction are not needed.[11]
Therefore, it is my opinion that court costs and other statutorily imposed surcharges and fees must be imposed and collected for a violation of sections 316.2935 or 316.610, Florida Statutes, when the person cited complies with the provisions of section 318.18(2)(c), Florida Statutes, and has his or her fine reduced.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 318.11, Fla. Stat., provides the short title for the act.
[2] Section 318.12, Fla. Stat.
[3] Section 318.14(1), Fla. Stat.
[4] Section 318.14(2), Fla. Stat.
[5] Section 318.14(4), Fla. Stat.
[6] Ibid.
[7] Sections 316.2935 and 316.610, Fla. Stat., deal with air pollution control equipment and tampering with that equipment and vehicles in an unsafe condition, respectively.
[8] See s. 318.18(13)(a) and (b), Fla. Stat.
[9] And see, e.g., ss. 318.1215, Fla. Stat. (notwithstanding s.318.121, board of county commissioners may require clerk of court to collect additional $5 with each civil traffic penalty to fund driver education programs in schools), 938.01, Fla. Stat. (courts shall, in addition to any fine or other penalty, require payment of $3 court cost), 938.19(2), Fla. Stat. (notwithstanding s. 318.121, county commissioners may adopt mandatory court cost for teen court).
[10] See Alsop v. Pierce, 19 So. 2d 799 (Fla. 1944) and Thayer v.State, 335 So. 2d 815 (Fla. 1976); Ops. Att'y Gen. Fla. 00-37 (2000) and 00-25 (2000).
[11] See M.W. v. Davis, 756 So. 2d 90 (Fla. 2000); McLaughlin v.State, 721 So. 2d 1170 (Fla. 1998); Ops. Att'y Gen. Fla. 00-46 (2000), 99-44 (1999) and 97-81 (1997).