PER CURIAM.
This dispute arose between the appellant unit owner and the appellee condominium association over a 1993 semi-annual assessment of slightly over $1,000. We affirm in part, reverse in part and remand.
The parties unfortunately fully litigated this dispute rather than utilizing, prior to doing so, alternative dispute resolution, voluntary mediation or mandatory nonbinding arbitration which section 718.1265, Florida Statutes (1991), provides to reduce court dockets and trials and to offer a more efficient, cost-effective option to court litigation.
By the end of the present litigation at the trial level, the condominium association had obtained a final judgment of foreclosure of its claim of lien for $1,175 in unpaid condominium assessments, $78.55 as interest, $13,100 for attorney’s fees and $1,812.87 for court costs, making a total of $16,166.42, all to bear interest at eight percent.
The trial court properly awarded final judgment to the condominium association, there being ample evidence of nonre-ceipt of payment when the assessment was due. It erred in not considering the condominium association’s decision not to deposit the unit owner’s belated 1994 check which was less than the full sum then owed by the unit owner for attorney’s fees, interest, and the 1993 assessment. The check should have been deposited and applied in accordance with the priorities recited in section 718.116(3), Florida Statutes (1993). The amount in dispute, as well as the claim of lien, then might have been halved and the matter possibly resolved without all of the litigation. On remand, the award of attorney’s fees should be reduced, without further hearing, to a reasonable sum based on a reduced, properly disputed amount and this opinion.
GLICKSTEIN, DELL and FARMER, JJ., concur.