# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-271
Lower Tribunal No. 14-1385

_____

## Catalina West Homeowners Association, Inc., and Old Cutler Lakes by the Bay Community Association, Inc.,
Appellants,

vs.

## Federal National Mortgage Association,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Paige Law Group, P.A., and Robert E. Paige, for appellants.

Gladstone Law Group, P.A., and Allen S. Katz, Yacenda Hudson, and Jason Joseph (Boca Raton), for appellee.

Before SHEPHERD, LAGOA, and EMAS, JJ.

LAGOA, J.

Appellants, Catalina West Homeowners Association, Inc. ("Catalina West")

and Old Cutler Lakes by the Bay Community Association, Inc. ("Old Cutler")

(collectively, the "Associations"), appeal from a final judgment entered in favor of appellee, Federal National Mortgage Association ("FNMA"), and the denial of their motion for rehearing, on FNMA's action for declaratory and injunctive relief. We affirm.

I.      FACTUAL AND PROCEDURAL HISTORY

On December 23, 2005, Adriana Villamizar and her husband Luis Reyes entered into a mortgage with JPMorgan Chase Bank, N.A., for property located in a development called Lakes by the Bay.  On or about February 6, 2006, FNMA purchased the loan that was the subject of the mortgage.  FNMA filed a mortgage foreclosure action in 2011, and the Associations were named as defendants.  Final judgment was entered in favor of FNMA on February 6, 2013.  On April 2, 2013, a certificate of title was issued to FNMA.

On December 19, 2013, the Associations each provided payoff/estoppel letters to FNMA.  In addition to quarterly assessments and late charges, the letters sought amounts for violation charges, costs, and attorney's fees.

FNMA subsequently filed a complaint for declaratory and injunctive relief, alleging that the amounts set forth in the estoppel letters did not comply with the "safe harbor" protection provided to first mortgagees in section 720.3085(2)(c), Florida Statutes (2014).  Specifically, FNMA asserted that the Associations improperly included attorney's fees and costs which they were not entitled to

2

collect from FNMA. FNMA further alleged that the Associations refused to provide estoppel letters providing FNMA with the safe harbor protection of section 720.3085(2)(c). FNMA alleged that it was in need of a declaration that FNMA was entitled to the protection of section 720.3085(2)(c), and that the Associations were not entitled to attorney's fees, costs, interest, or other charges accruing prior to the certificate of title being issued.

The Associations each filed an answer and affirmative defenses. As affirmative defenses, the Associations alleged that section 720.3085 required them to apply any payments received from FNMA first to late charges and interest, and then to costs and attorney's fees incurred in collection, and only then to assessments. The Associations further alleged that they alerted FNMA to sums necessary to bring FNMA's account current, and that the Associations "would have to violate Florida Statutes [section] 720.3085 in order to provide the relief it requested."

FNMA filed a motion for summary judgment, asserting that the Associations' demand for attorney's fees and costs was inconsistent with FNMA's entitlement to limited liability under section 720.3085(2)(c). The trial court entered final judgment in favor of FNMA. The trial court found that, pursuant to section 720.3085(2)(c), FNMA's liability to the Associations "for unpaid assessments and all other charges, including attorneys' fees, costs, interest, and late

3

fees incurred prior to April 2, 2013 is limited to . . . [the] 12 past months of assessments prior to [FNMA] taking title to the property." The trial court concluded that because the safe harbor protection of section 720.3085(2)(c) applied, the Associations were not entitled to interest, late fees, attorney's fees, court costs, collection costs, or other charges incurred.

The Associations filed a motion for rehearing, arguing that the final judgment "reads out of existence Florida Statutes §720.3085(3)(b)." The Associations asserted that were they to apply the sums FNMA was directed to pay in the final judgment in the order required by section 720.3085(3)(b), it would not bring current either Association's account. The trial court denied the motion for rehearing and this appeal ensued.[1]

II.    ANALYSIS

At issue in this appeal are two subsections of section 720.3085: subsection (2)(c), the so-called "safe harbor" provision,[2] and subsection (3)(b). Section 720.3085(2)(c) states as follows:

---

[1] We review a final summary judgment *de novo*. Tropical Glass & Constr. Co. v. Gitlin, 13 So. 3d 156 (Fla. 3d DCA 2009). Additionally, we review a trial court's interpretation of a statute, *de novo*. See State v. Brock, 138 So. 3d 1060 (Fla. 4th DCA 2014).

[2] In Bay Holdings, Inc. v. 2000 Island Boulevard Condominium Ass'n, 895 So. 2d 1197, 1197 (Fla. 3d DCA 2005), this Court, in addressing the analogous statute concerning condominium associations, stated that the "safe harbor" provision "provides a statutory cap on liability of foreclosing mortgagees."

4

(c) Notwithstanding anything to the contrary contained in this section, **the liability of a first mortgagee**, or its successor or assignee as a subsequent holder of the first mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title, **shall be the lesser of**:

1. The parcel's **unpaid common expenses and regular periodic or special assessments** that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

2. One percent of the original mortgage debt.

The limitations on first mortgagee liability provided by this paragraph apply only if the first mortgagee filed suit against the parcel owner and initially joined the association as a defendant in the mortgagee foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location that was known to or reasonably discoverable by the mortgagee.

(emphasis added).

Section 720.3085(3)(b) states as follows:

(3) Assessments and installments on assessments that are not paid when due bear interest from the due date until paid at the rate provided in the declaration of covenants or the bylaws of the association, which rate may not exceed the rate allowed by law. If no rate is provided in the declaration or bylaws, interest accrues at the rate of 18 percent per year.

. . . .

(b) **Any payment received by an association and accepted shall be applied first to any interest accrued, then to any administrative late fee, then to any costs and reasonable attorney fees incurred in collection, and then to the delinquent assessment**. This paragraph applies notwithstanding any restrictive endorsement, designation, or instruction placed on or accompanying a payment. A late fee is not subject to the provisions of chapter 687 and is not a fine.

(emphasis added).

While the Associations raise several points on appeal, only one merits discussion. The Associations argue that the final judgment should be "vacated" because it improperly prohibits them from complying with their statutory duty to apply payments as required by section 720.3085(3)(b).[3]

That FNMA's liability for "unpaid common expenses and regular periodic or special assessments" does not include amounts for attorney's fees, costs, and interest, however, is evident from the plain language of the statute. Section 720.3085(2)(b) provides that "[a] parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time

---

[3] It should be noted that FNMA's first response on this issue is that not only did the trial court correctly determine that it was not liable for interest, late fees, attorney's fees, and costs, but that this Court should find that it also has no liability for *any* past due common expenses and assessments. FNMA's argument on this point is based entirely upon each Association's respective Declaration. This argument cannot be considered by this Court for two reasons. First, it is undisputed that FNMA did not raise this argument below nor were the Declarations filed below or considered by the trial court. Equally important, FNMA did not file a cross-appeal from the final judgment.

of transfer of title." That liability, however, is limited in section 720.3085(2)(c)—the safe harbor provision—as it concerns "a first mortgagee . . . who acquires title to a parcel by foreclosure." Paragraph (c) states that "the *liability* of a first mortgagee . . . *shall be* the lesser of" either "unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title," or one percent of the original mortgage debt. § 720.3085(2)(c)1., 2., Fla. Stat. (emphasis added). The plain language of paragraph (c) clearly limits the *extent* of a qualifying first mortgagee's liability to the lesser of the two specific options that follow—either "unpaid common expenses and regular periodic or special assessments" or one percent of the original mortgage debt. Given the unambiguous language of the statute, we must conclude that if the Legislature intended to include attorney's fees, costs, interest, or other charges as part of the first mortgagee's liability, it would have included any one or more of those items in the safe harbor provision. See Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976) ("It is, of course, a general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned."); see also Moonlit Water Apartments, Inc. v. Cauley, 666 So. 2d 898, 900 (Fla. 1996)

7

("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another."); cf. Haskins v. City of Ft. Lauderdale, 898 So. 2d 1120, 1123 (Fla. 4th DCA 2005) ("A basic canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253–54 (1992))).

The trial court's construction of the safe harbor provision is not only consistent with our analysis in Bay Holdings but also with the analogous case of United States v. Forest Hill Gardens East Condominium Ass'n, 990 F. Supp. 2d 1344 (S.D. Fla. 2014). In Forest Hill, HUD was the successor and assignee of the foreclosing first mortgagees on two condominium units situated on land controlled by a homeowners' association. The homeowners' association sought past-due assessments, interest, and other costs incident to the collection process that accrued before the banks and HUD took title. Id. at 1349-50. The homeowners' association also sought late fees. Id. In analyzing the safe harbor provision for foreclosing first mortgagees contained in section 720.3085(2)(c), the court noted that "the existence of unpaid assessments is the fact which triggers the foreclosing first mortgagee's liability to the homeowners' association." Id. at 1350. The court held that the terms "unpaid common expenses" and "regular periodic or special

8

assessments" did not encompass interest, late fees, collection costs, and attorney's fees:

> In short, chapter 720's statutory safe harbor includes only those expenses and assessments that the unit owners' share collectively, a shared benefit and burden that does not include amounts for interest, late fees, attorney's fees, and costs incidental to the collection process. Accordingly, the court holds that the HUD has no liability to the property owners' association other than the common expenses and unpaid assessments that "accrued or came due" prior to taking title . . . .

Id. at 1350. In reaching its conclusion, the court reasoned that "interest, late fees, attorney's fees, and collection costs" are *individualized* charges to induce compliance, rather than "common expenses" or "regular periodic or special assessments," terms which infer a shared expense among all the units of a homeowners' association. Id.

We agree with the analysis set forth in Forest Hill, and affirm the trial court's judgment that FNMA's liability to the Associations under the safe harbor provision did not include amounts for interest, late fees, attorney's fees, or costs.

Finally, the final judgment does not improperly prohibit the Associations from complying with the statutory application of payments set forth in section 720.3085(3)(b). The final judgment determined the amount due from FNMA to the Associations, in accordance with the safe harbor provision set forth in section 720.3085(2)(c), and did not address itself to how the Associations were to apply

9

the payment made. The priority of payment schedule established by section 720.3085(3)(b) cannot create entitlement to any payments other than those expressly established by section 720.3085(2)(c). To the extent the Associations are required to itemize payments pursuant to section 720.3085(3)(b), the line item entries for interest accrued, administrative fees, and attorney fees and costs, presumably would be zero dollars, as the Associations have not and are not entitled to receive payments for those items under the safe harbor provision. The Associations' reliance upon St. Croix Lane Trust v. St. Croix at Pelican Marsh Condominium Ass'n, 144 So. 3d 639 (Fla. 2d DCA 2014), and Ward v. 3900 Condominium Ass'n, 670 So. 2d 1182 (Fla. 4th DCA 1996), for the proposition that they are required to apply payments in accordance with the formula set forth in subsection (3)(b), adds nothing to their argument. St. Croix and Ward addressed section 718.116(3), Florida Statutes, the section of the condominium association statutes that is analogous to section 720.3085(3)(b). Significantly, neither case concerns the liability of a foreclosing first mortgagee or the safe harbor provision of the condominium association statutes.

III.  CONCLUSION

For the reasons set forth above, this Court finds that the trial court did not err in determining that the Associations are not entitled to interest, late fees, attorney's fees and costs from FNMA because the safe harbor protection of section

10

720.3085(2)(c) applies. Accordingly, the final judgment entered in favor of FNMA on its claim for declaratory and injunctive relief is affirmed.

AFFIRMED.