DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMERALD ESTATES COMMUNITY ASSOCIATION,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION,**
Appellee.

No. 4D17-1278

[April 4, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol Lisa Phillips, Judge; L.T. Case No. CACE15000488.

Michael T. Ross of the Law Office of Michael T. Ross, P.A., Hollywood, for appellant.

Alexzander D. Gonano of Gonano & Harrell, Fort Pierce, for appellee.

KLINGENSMITH, J.

At a foreclosure sale in March of 2014, U.S. Bank purchased property governed by Emerald Estates Community Association. Months later, Emerald Estates sent U.S. Bank an estoppel letter claiming that pursuant to section 720.3085(2)(c), Florida Statutes (2016), it was entitled to twelve months of unpaid assessments that accrued prior to the bank taking title, and demanding reimbursement of costs and attorney's fees for collection efforts associated with unpaid assessments.

After U.S. Bank paid the requested amount under protest, it filed a complaint against Emerald Estates, and asserted that it was only required to pay for twelve months of unpaid assessments that accrued prior to it taking title. U.S. Bank denied responsibility for paying any costs or attorney's fees for collection efforts associated with unpaid assessments that accrued after it acquired title. The trial court ultimately agreed and entered final summary judgment in favor of U.S. Bank. The court relied on *Catalina West Homeowners Ass'n, Inc. v. Federal National Mortgage Ass'n*, 188 So. 3d 76 (Fla. 3d DCA 2016), and reasoned that Emerald Estates was not permitted to charge for costs and attorney's fees "that

accrued *prior to* [U.S. Bank] taking title on March 4, 2014." (Emphasis added).

We agree that based on section 720.3085(2)(c) Emerald Estates was not entitled to costs and attorney's fees that accrued prior to U.S. Bank acquiring title. *See Catalina W. Homeowners Ass'n, Inc.*, 188 So. 3d at 81 (holding that the homeowner's association was not entitled to "interest, late fees, attorney's fees and costs from FNMA" that were incurred prior to FNMA acquiring title to the property).

However, Emerald Estates was claiming reimbursement for costs and attorney's fees incurred in collection efforts associated with unpaid assessments accruing *after* U.S. Bank acquired title. As counsel for Emerald Estates explained at the hearing, Emerald Estates requested these costs and fees because U.S. Bank failed to make the required payments after it purchased the property. U.S. Bank presented no evidence at the hearing regarding when these fees and costs actually accrued.

Thus, because a genuine issue of material fact remained as to whether the requested costs and fees were associated with unpaid assessments accruing before or after U.S. Bank acquired the property, we reverse the entry of summary judgment and remand for further proceedings. *See Craven v. TRG-Boynton Beach, Ltd.*, 925 So. 2d 476, 479–80 (Fla. 4th DCA 2006) ("The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.").

*Reversed and remanded for further proceedings.*

WARNER and CIKLIN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2